STURGIS, Judge.
This is an appeal by C. F. Lear from two orders of the County Judge’s Court of Oka-loosa County, Florida, sitting in probate, one of which denied appellant’s, petitions for the entry of an order approving certain claims against the estate of Claud G. Meigs, deceased, and the other granting the ap-pellee-executrix an extension of time in which to file objections to appellant’s claims against the estate. Dates are important.
On October 8, 1962, an instrument was probated as the last will and testament of said decedent and letters testamentary issued to his widow who on October 11, 1962, caused notice to creditors to be published. On February 11, 1963, appellant filed two substantial claims against the estate. On March 18, 1963, a legatee attacked the probate of said will and on March 13, 1964, an ■order was entered revoking the probate and revoking also the letters testamentary theretofore issued to Mrs. Meigs.
On April 24, 1964, another will of the ■decedent, containing identical dispositive provisions, was admitted to probate and letters testamentary thereon issued to decedent’s widow. On June 18, 1964, another notice to creditors was published and ■on July 17, 1964, appellant refiled claims identical to those filed February 11, 1963. No objections had been made to the claims as originally filed nor had the claimant taken any action thereon. However, by leave of the court of probate objections to both the original and refiled claims were filed December 1, 1964. It is seen that as ■to the claims filed February 11, 1963, these objections were not filed within the eight months prescribed by Section 733.18, Florida Statutes, F.S.A., but were timely filed as to the claims refiled July 17, 1964.
The record on appeal reveals that on September 21, 1964, the executrix, being in doubt as to whether the second notice to creditors was necessary, petitioned the court for an order extending the time for filing objections to the claims filed February 11, 1963. The executrix alleged that when the original claims were filed the estate was involved in the contest of the will and that the second notice to creditors was given pursuant to instructions of the court.
On September 22, 1964, which is the same date on which appellee’s petition for extension was filed, appellant filed separate petitions with respect to each of the two claims then pending against the estate, seeking an order approving same. Each petition represented that the claim was filed “on or about July 14, 1964” and within the period allowed by law. On November 30, 1964, the court entered an order extending to December S, 1964, the time for filing objections to the claims filed February 11, 1963, and refiled July 17, 1964, and allowing the appellant-claimant twenty days from the filing of such objections in which to file suit on the claims in the appropriate court, and on the same date entered an order denying appellant’s petitions, hence this appeal.
The proceedings before the county judge at the hearing on the several petitions were reported and a transcript thereof appears as part of the record on appeal. The appellant vigorously insists by his reply brief that the colloquy between counsel and the county judge as contained in said transcript has no legal standing and should not be considered by this court in determining the appeal, and in support thereof submits that although the transcript is included in the record on appeal, it is not properly before this court because the appellee did not place it in the appendix to her brief as called for by rule 3.7(f) (5), Florida Appellate Rules, 31 F.S.A. The record on ap *248 peal, including said transcript, is less than 75 pages. Therefore, under Florida Appellate Rule 3.7(j) it was unnecessary for appellee to include the transcript in an appendix to her brief.
Said transcript reveals that the parties were represented by counsel at the hearing and that an extended discussion took place with respect to informal discussions that were had with the trial judge in the course of the will contest touching upon the proper procedure to be followed in respect to said claims in order to protect the interests of all concerned. A careful review of said transcript produces the inescapable conclusion that a state of confusion existed on the part of both parties to this appeal, as well as the county judge, as to what procedure should be followed in the premises, and it is evident therefrom that in entering the orders appealed the trial judge was persuaded that his informal advice and observations had some effect upon the failure of the executrix to interpose timely objections to the original claims filed. It is significant that appellant’s petitions for an order approving the claims are addressed exclusively to the claims filed on July 17, 1964, rather than those filed February 11, 1963. Considering the record as a whole, we cannot say that the trial judge abused his discretion in determining that appellee had demonstrated good cause as contemplated by Section 733.18, Florida Statutes, F.S.A., for entry of the order appealed.
We have carefully considered In re Williamson’s Estate, 95 So.2d 244 (Fla.1957), in which notice to creditors had been published while decedent’s estate was being probated under letters of administration that were revoked on the admission to probate of a subsequently discovered will, and it was held that the initial notice to creditors was the legally effective notice and that one published under the probate of the subsequent will was surplusage and of no legal consequence. The decision in that case does not operate to preclude the granting of an extension of time upon a showing of good cause under Section 733.18. Appellant also cites In re Goldman’s Estate, 79 So.2d 846 (Fla.1955), and Ellard v. Godwin, 77 So.2d 617 (Fla.1955), in support of the contention that the trial court, erred in finding good cause for the orders appealed.
In the Ellard case the Florida Supreme Court, following In re Jeffries’ Estate, 136 Fla. 410, 181 So. 833, 837 (1938), vacated an order of the circuit court affirming an order of the county judge who thereby granted the petition of an administratrix for leave to file objections to a claim against her decedent’s estate. In that case the petitioner-administratrix simply alleged that “for some reason” she had not learned of the filing of the claim, that since learning thereof she had made an investigation which disclosed no evidence of obligation on the claim, and that she felt she had valid and meritorious objections to same. The supreme court directed the circuit court to vacate said order of the county judge granting the petition.
In In re Goldman’s Estate, supra, the supreme court reversed an order of the circuit court affirming an order of the county judge granting the claimant’s petition for an extension of time in which to file claim against the estate, the cause shown, inter alia, being that claimant’s attorneys did not realize that a 1953 amendment to Section 733.18, Florida Statutes, 1951, had operated to shorten the time for filing suit and labored under the mistaken impression that additional time was available.
It is essential to the proper disposition of all litigation that the trial court be accorded substantial latitude in controlling the procedure pursuant to established legal principles. Each case involving the question of exercise of judicial discretion depends, of course, on the peculiar facts and circumstances involved. We perceive a clear distinction between the facts supporting appellee’s showing of good cause in this case and those presented in the cases cited and discussed in the foregoing paragraphs. We are not disposed to impose on *249 ■ trial judges a limitation upon judicial discretion so rigid as to preclude them from according to litigants relief from unanticipated harsh results that are engendered by acts of the trial judge having the effect of lulling a party into a false sense of security, especially under circumstances which, as in this case, indicate that all con- ■ cerned were “waltzing down the bunny trail.”
The orders appealed are affirmed, without prejudice to the right of appellant to apply to the trial court for an order reasonably extending the time in which to bring suit upon said claims as he may be advised.
Affirmed.
WIGGINTON, Acting C. J., and CARROLL, DONALD K., J., concur.