194 So.2d 307 (1967)
Donald U. SESSIONS, As Administrator of the Estate of John Robert Parkinson, Deceased, Appellant,
v.
Ruth G. JELKS, As Administratrix of the Estate of Katherine Goddard Parkinson, Deceased, Appellee.
No. I-1.
District Court of Appeal of Florida. First District.
January 19, 1967.
Rehearing Denied February 16, 1967.
Batchelor, Brodnax, Guthrie & Kindred, Miami, and Parkinson, Sessions, Duffett & Barry, Daytona Beach, for appellant.
Nichols, Gaither, Beckham, Colson, Spence & Hicks, Miami, and Black, Cobb, Cole & Crotty, Daytona Beach, for appellee.
*308 WIGGINTON, Judge.
This appeal seeks review of an order entered by the County Judge of Volusia County, in probate, extending the time within which appellee may institute suit or other appropriate proceeding to enforce the claims filed by her against the estate of which appellant is administrator, to each of which claims objection was timely filed.
The sole question presented for our determination is whether the county judge abused his discretion in holding that appellee had shown just cause for having failed to institute suit on her claims to which objection was made by appellant within the time required by the statute applicable to this situation. The facts in the case may be summarized as hereinafter set forth.
Appellee filed two claims against the estate administered by appellant. In addition to being the administrator of the estate in question, appellant is also the principal attorney representing that estate. In his representative capacity he timely filed proper objection to each of the claims asserted by appellee. Thereafter, counsel for appellee engaged in three conversations with appellant's law partner who had been detailed to handle one specific phase of a proceeding brought against the estate by appellee which had a direct bearing upon the claims filed by her. Two of these conversations took place within the two month period following the filing of objection to appellee's claims, being the period provided by statute within which appellee was required to institute action on her claims.[1]
In these conversations appellee's counsel expressed the view that settlement negotiations between the parties should be fully explored before action on the claims is instituted; that since the filing of suit would necessitate the assertion of contentions likely to create an acrimonious feeling between the parties, the filing of suit would be delayed until settlement negotiations were concluded. In these conversations appellant's law partner agreed that the filing of suit would likely prejudice the chances of a successful settlement and indicated that in no event would appellant be in position to resume settlement negotiations until certain reports then being prepared by governmental authorities were received, and further research on the questions of law involved was completed. It seems clear from the record that although associate counsel never explicitly agreed that the institution of suit by appellee should or would be delayed until settlement negotiations were completed, he nevertheless understood from appellee's counsel that such was the procedure which he intended to follow, and to which associate counsel for appellant expressed no objection or dissent. The substance of these conversations was promptly related to appellant by his associate counsel. It seems equally clear that appellee's counsel received the definite impression from these conversations that it was agreeable with appellant for appellee to withhold institution of suit until after appellant had procured all needed information bearing on the claims, completed his research on the questions of law relating thereto, and settlement negotiations concluded.
Three days after the two month period of limitation had expired, appellee's counsel again talked with appellant's associate counsel and suggested the execution of a written stipulation agreeing that it would not be necessary that suit on the claims be commenced until settlement negotiations were concluded. This request was refused, as a result of which appellee promptly filed a motion for extension of time within which to institute action on the claims filed by her. Upon consideration of the evidence adduced by the respective parties and the statute applicable *309 thereto,[2] the county judge entered the order appealed in which he found that appellee had shown good cause for her failure to institute action on her claims within the time required by statute, and extending such time for a period of ten days.
The statute under consideration limiting the time within which suit must be instituted on a claim to which objection has been made operates as rules of judicial procedure, the time limits of which may be relaxed by the county judge for good cause shown. The adjudication by the county judge in the exercise of his discretion is to be governed by a given standard of judicial action, viz.: "good cause shown," subject to an appropriate judicial review, in order that right and justice shall be administered by due course of law as required by the constitution.[3] The order extending the time for filing suit may be granted upon petition filed after lapse of the prescribed period.[4]
A case involving a somewhat similar factual situation was considered by this court in the case of Kemp's Estate.[5] In Kemp the county judge denied the claimant's motion to extend the time for instituting action against the estate upon a finding that claimant had failed to show good cause for his failure to commence his action within the period required by statute. This court affirmed the action of the county judge upon a record which revealed that the claimant withheld instituting action because of settlement negotiations conducted exclusively between him and the insurance carrier of the decedent Kemp. These negotiations continued beyond the two month period following the filing of objection to the claim filed by appellant in the Kemp estate. After the time for bringing action had expired, the insurance company discontinued further negotiations and refused to make any settlement of the claim asserted by appellant. The record revealed that no personal representative, agent or attorney for the Kemp estate, by design or inadvertence, took any action the effect of which was to lull the appellant into a false sense of security, or to otherwise induce him to ignore the clear provision of the statute requiring institution of suit within the two months provided by law. Implicit in the Kemp decision is the conclusion that had such action or representations been made by a representative of the estate which had the effect of inducing the claimant to delay the institution of his action beyond the period of limitation, our decision would have been different.
We find in the record before us competent and substantial evidence to support the finding and conclusion of the county judge to the effect that appellee has shown good cause for having failed to institute action within the two month period limited by statute, and the order appealed extending time for bringing such action must therefore be and it is affirmed.
RAWLS, C.J., and CARROLL, DONALD, K.J., concur.
NOTES
[1] F.S. § 733.18(2), F.S.A.

"* * * The creditor or claimant shall thereupon be limited to two calendar months from the date of such service [of the copy of objection to claim] within which to bring appropriate suit, action or proceedings upon such claim or demand. * * *"
[2] F.S. § 733.18(2), F.S.A.

"* * * The county judge for good cause shown may extend the time for filing objection to any claim or demand or the time for serving such objection, and may likewise for good cause shown extend the time for filing appropriate suit, action or proceedings upon any such claim after objection is filed; but in any of said instances, said extension of time shall be granted only after due notice of such application. * * *"
[3] In re Jeffries' Estate, 136 Fla. 410, 181 So. 833; Smoak v. Graham, (Fla. 1964) 167 So.2d 559.
[4] Atlantic Nat. Bank of Jacksonville v. Kirkwood, 152 Fla. 59, 10 So.2d 743.
[5] In re Kemp's Estate, (Fla.App. 1965) 177 So.2d 757.