PER CURIAM.
The appellants filed timely claims against the Estate of Arthur Peter Norregaard in the trial court. They petitioned the court for payment after time had expired for filing objections to their claims. The ap-pellee then filed a sworn petition requesting permission to file objections to these claims. Permission was granted and the time was extended for filing objections to these claims. Objections to the claims were filed and later the- trial court denied the petition for payment of the claims. The appellants have appealed.
The essential question involved is whether the trial judge abused his discretion in deciding that good cause had been shown in granting the petition for extension of time in which to file objections to these claims.
Fla.Stat. § 733.18(2), F.S.A. provides in pertinent part:
;fc ifi # >[c ‡
“The county judge for good cause shown may extend the time for filing objection to any claim or demand or the time for serving such objection * * *.”
* * * * * *
A similar situation was presented in Sessions v. Jelks, Fla.App.1967, 194 So.2d 307. There, as here, the statutory time for filing objections to the claim had expired. The court at Page 309 stated:
* * * * * *
“The statute under consideration limiting the time within which suit must be instituted on a claim to which objection has been made operates as rules of judicial procedure, the time limits of which may be relaxed by the county judge for *654 good cause shown. The adjudication by the county judge in the exercise of his discretion is to be governed by a given standard of judicial action, viz.: ‘good cause shown/ subject to an appropriate judicial review, in order that right and justice shall be administered by due course of law as required by the constitution. The order extending the time for filing suit may be granted upon petition filed after lapse of the prescribed period.”

This record contains competent and substantial evidence, as in Sessions, supra, that the personal representative of this Estate had failed to take any action as a result of being lulled into a false sense of security concerning settlement of these claims and that “good cause” had been shown in this matter. We, therefore, find this case is governed by Sessions, supra, and affirm the actions of the trial judge herein appealed.
Affirmed.