227 So.2d 199 (1969)
In re ESTATE of Henrietta S. SALE, Deceased, for the Use and Benefit of the Chicago Insurance Company.
No. 38101.
Supreme Court of Florida.
September 24, 1969.
Rehearing Denied November 5, 1969.
*200 Samuel W. Harris, of Bogue, Harris, Brahm & Daniel, St. Petersburg, for curator of the estate of Henrietta S. Sale, deceased.
Lemuel S. Hunnicut, St. Petersburg, for The Chicago Ins. Co., appellant.
Tom E. Gilman, of Horne, Rhodes & Lamb, Tallahassee, for appellees.
ROBERTS, Justice.
This appeal has been transferred from the District Court of Appeal, Second District, to this court on account of a constitutional question presented by the appellant. Jurisdiction of the appeal attaches under Section 4, Article V, Florida Constitution, F.S.A.
The questions presented on the appeal arose in a proceeding instituted in the County Judge's Court of Pinellas County, Florida, for the probate of a 1960 will executed by Henrietta S. Sale, deceased, and for the appointment of an administrator cum testamento annexo of her estate. One of the subscribing witnesses to the 1960 will stated in a deposition that the 1960 will had been superseded by a later will to which the deponent had been a subscribing witness also. Accordingly, the Probate Judge denied the petition of The First National Bank in St. Petersburg, Florida, for appointment as administrator c.t.a. of the estate under the 1960 will and, instead, appointed the Bank as Curator for the protection and preservation of the assets of the estate, as authorized by § 732.21, Florida Statutes, F.S.A., pending a search for the later will. His order directed the Bank to search for the later will and, in addition, "to publish Notice to Creditors as provided by law for all estates."
Mrs. Sale had met her death in October of 1965 as a result of an automobile accident that also took the life of her husband. Two other passengers in the car, the appellees here, were injured. They filed their respective claims against Mrs. Sale's estate within the six-month period prescribed by *201 § 733.16(1), Fla. Stat., F.S.A., to recover for their injuries sustained in the accident allegedly caused by Mrs. Sale's gross negligence in operating the car. Objections to their claims were timely filed by the Bank, as Curator. The appellees  residents of the State of Virginia  then filed suit in the Federal District Court for the Northern District of Florida against the Bank, as Curator, to enforce their claims against the estate. Their suit was filed two months and one day after the receipt of the Curator's objections by one appellee, and two months and two days after the receipt thereof by the other. Under § 733.18(2), Fla. Stat., F.S.A., a claimant is limited to two months after receipt of the objection within which to file suit upon his claim unless an extension is granted by the county judge "for good cause shown". Relying on this statute, the Curator filed in the estate proceedings a petition alleging that the suits were not timely filed and that the claims filed in the estate should be "abated" and the estate "absolved" of any liability that might accrue by virtue of the suits pending in the federal district court. The appellees responded with a motion for an extension of time for filing suit. The grounds alleged therein as "good cause" for such extension are discussed in detail hereafter. The motion of the appellees was denied and that of the Curator was granted.
Thereafter, on rehearing granted, the County Judge entered an amended order, again denying appellees' motion for an extension of time for filing suit, but finding also that at the time of the accident Mrs. Sale was covered by an automobile liability policy issued by Chicago Insurance Company and holding that, to the extent that the appellees' claims were covered by such insurance, they were enforceable against the decedent's estate. This holding was based on § 733.16(1) (d), Fla. Stat. 1967, F.S.A., effective August 4, 1967, providing, in effect, that to the extent that a claim or demand is covered by insurance, it is not barred by failure to file a claim therefor against the estate within the six-month period prescribed by § 733.16(1), Fla. Stat., F.S.A. The amended order expressly held that the application of this statute to the appellees' claims did not impair the obligation of the insurer's contract. It is this order that we review on appeal.
On the appeal, the Curator, on behalf of the insurer, has attacked that portion of the order holding that § 733.16(1) (d), supra, is applicable to a claim based on a cause of action that accrued in 1966 under a pre-existing contract, its contention being that the statute as so applied impairs the obligation of the insurance contract contrary to Section 17, Declaration of Rights, Florida Constitution, and Section 10, Article I, of the federal constitution. The appellees have cross-assigned as error that portion of the amended order denying to them an extension of time for filing suit on their timely filed claims. Since we have the view that the appellees' point is well taken, we need not decide the constitutional question under the well-settled rule that such a question ordinarily will be decided only when necessary to a disposition of the cause. See Mayo v. Market Fruit Co. of Sanford, Fla. 1949, 40 So.2d 555, 559.
Since the decision authored by Mr. Justice Whitfield in In re Jeffries' Estate, 1938, 136 Fla. 410, 181 So. 833, it has been settled that the time limitations prescribed by § 733.18 for the filing of objections to claims against the estate and for filing an appropriate action or suit upon any such claim operate merely as rules of judicial procedure and not as statutes of non-claim. These time limitations may be relaxed, within the sound discretion of the probate judge, even though the time limit may have expired prior to the filing of the motion for extension. In re Goldman's Estate, Fla. 1955, 79 So.2d 846. The discretion to be exercised by the probate judge is a reasonable discretion  not one that is arbitrary or absolute. Smoak v. Graham, Fla. 1964, 167 So.2d 559, 562. As stated by *202 Mr. Justice Whitfield in In re Jeffries' Estate, supra, 181 So. at p. 837: 
"The statute should be interpreted and applied so as to facilitate the settlement of estates in the interest of the public welfare, without unreasonably or unduly restricting the rights of creditors of such estates who in good faith and without laches endeavor to comply with the substantial and essential requirements of the statute in order that right and justice `shall be administered' by due course of law as commanded by section 4 of the Declaration of Rights of the Florida constitution." (Emphasis added.)
The decisions applying the statute have been based on the peculiar facts and circumstances of each case; however, it has been held in more than one case that circumstances indicating that the claimant has been lulled into a false sense of security by representations or actions of the personal representative of the estate, his agent or attorney, constitute "good cause" for an extension of time under the statute. See Sessions v. Jelks, Fla.App.1st 1967, 194 So.2d 307; In re Estate of Norregaard, Fla. App.3d 1969, 220 So.2d 653; cf. In re Kamp's Estate, Fla.App.1st 1965, 177 So.2d 757. And in In re Meigs' Estate, Fla. App.1st 1965, 177 So.2d 246, it was held that informal discussions with the probate judge had the effect of lulling the personal representative into a false sense of security, so that it was not error to grant an extension of time for filing objections to claims.
We think that the facts of the instant case bring it within the above rule. As noted, the Bank was appointed as Curator of the estate and not as personal representative. While a Curator may, by special order of the probate judge, be authorized to perform any duty or function of the personal representative, § 732.21(3), Fla. Stat., F.S.A., a Curator is ordinarily appointed only as a temporary expedient to take possession of and preserve the assets of the estate until a personal representative may be appointed; or, conceivably, after an estate is ready for distribution and an heir is missing, to take possession of and preserve the share of the estate to which such heir is entitled, pending a search for him and his heirs. The word "curator" itself  having as synonyms the words "guardian, custodian, superintendent, keeper", according to Soule's Dictionary of English Synonyms  makes this abundantly clear.
It is not ordinarily or reasonably to be expected that a Curator will obtain special orders to proceed with the administration of an estate just as though he were the duly appointed personal representative  especially where, as here, no will had ever been admitted to probate. Nevertheless, the order appointing the Bank as Curator did authorize the Bank to publish the notice to creditors. This the Bank did, the first such publication being January 24, 1967. The claims of the appellees were filed in the estate on June 23, 1967, and July 6, 1967. On July 13, 1967, the Bank filed its petition as Curator for authority to file Objections to the appellees' claims and to defend the suits on such claims, should any be filed. An order granting the requested authority was entered on the same date. Neither the appellees nor their attorneys were given notice of the petition nor sent a copy of the order.
In due course, the Curator filed Objections to the appellees' claims and sent copies thereof by registered mail to the appellees and their attorneys. Appellees received their copies on August 23 and August 24, 1967, respectively. There was nothing in the "Objections" to indicate that the Curator had any authority to file the objections. The appellees' suit was filed October 25, 1967, only one or two days after the expiration of the two-month time limitation prescribed by § 733.18(2), supra.
During all this time, the appellees' Tallahassee, Florida, attorney (the accident out of which appellees' claims arose occurred only a few miles from Tallahassee) had made repeated efforts to learn whether an administrator had been appointed in Mrs. Sale's estate. On May 10, 1967, July 24, *203 1967, and October 11, 1967, calls were placed from Tallahassee to the probate judge's office in Clearwater to make inquiry in this respect. Each time the advice was that no administrator had been appointed as yet. On one of the calls the appellees' attorney was advised that there was a letter in the estate filed from the Curator to the Clerk of the County Judge's Court upon which the probate judge had appended a note stating that the Curator should apply for discharge as Curator, and that notice of the application should be given to any claimants.
In denying the appellees' motion for an extension, the probate judge stated that "a mere cursory check of the official files or docket or inquiry of the court or court personnel would immediately have revealed that such authority had been given to this curator." In view of the fact that "court personnel" had apparently volunteered the information appearing on the letter, referred to above, it would appear to be grossly unfair to charge the appellees' attorney with laches in this situation, since he might reasonably expect to be advised of other developments in the case as he had been before  and since, in addition, it does not seem reasonable to require him to inquire about special orders granting to the Curator administrative powers and duties not ordinarily expected of a custodian.
As presently written, our Probate Act allows a claimant a maximum of eleven months from the first publication of notice to creditors to file suit on a claim that is contested (although that period may be shortened, of course, by quicker action on the part of the personal representative in filing his Objections and serving notice thereof on the claimant). The appellees' suit was filed within nine months from the first publication of notice to creditors, and only one day late as to one appellee and two days late as to the other. In ordinary circumstances, the fact that the delay in filing suit is so small as to be insignificant and meaningless may be insufficient, standing alone, to constitute "good cause" for extending the time for filing suit. But in the extraordinary circumstances shown by this record, we think it was clearly unreasonable and arbitrary to refuse to grant the appellees the one- or two-day extension requested by them.
We do not decide, since it is unnecessary, the other questions posed by the parties.
For the reasons stated, the order appealed from should be and it is hereby reversed and remanded for further proceedings not inconsistent with this opinion.
It is so ordered.
CARLTON, ADKINS and BOYD, JJ., and WILLIS, Circuit Judge, concur.
DREW, J., concurs specially with opinion.
MANN, District Court Judge, dissents with opinion.
DREW, Justice (concurring specially).
I do not construe this decision as holding that a curator may lawfully be given the authority to publish an effective notice to creditors. Assuming, but not deciding, that such may be done, I agree to decision.
MANN, District Court Judge (dissenting).
I would arrive, paradoxically, at the same practical result as the majority  assuming either that the estate is without assets, as the curator once reported, or that the liability coverage is adequate  by affirming. The Court has unsettled, without specifically saying so, four hitherto accepted propositions on which probate judges and lawyers rely.
1. "Upon special orders of the county judge from time to time, the curator may be authorized to perform any duty or function of an administrator or executor." Florida Statutes § 732.21(3) (1967), F.S.A. The legislature says that the county judge could authorize the curator to object to claims, and the judge did, and, absent a *204 constitutional question, that ends the matter of the judge's authority.
2. Administrative orders affecting the duties of a curator or executor or administrator may and, in the interest of efficient probate administration, should be entered on simple petition, ex parte, unless there is some interest in the order sought which makes notice necessary. See, for example, Sections 732.43, 733.26 and 733.08. Here the claimant has no adversary interest in the curator's authority. Such adversary proceedings as may develop out of the curator's objections to the claims may be taken within two months and the service of the objections gives the claimant all the notice necessary.
3. A mistake of law is not sufficient reason to extend the time for filing an action, and this court reversed a county judge's order extending time which was grounded on no more sufficient reason in In re Goldman's Estate, Fla. 1955, 79 So.2d 846. No reason for delay was assigned by the claimants in this case except that their attorney's secretary had, on three occasions, phoned the office of the county judge to inquire whether an administrator had been appointed and was advised that one had not been. No telephone or other inquiry was made after receipt of objections seeking to determine by what authority they were filed. Any assumption that a curator is without power in these circumstances to object to claims was correctible by reference to the statute. Nor is a mistake of fact concerning the state of the record sufficient ground for extension of time. Ellard v. Godwin, Fla. 1955, 77 So.2d 617.
4. A factual determination by a trier of fact is not to be disturbed unless the appellant shows it to be clearly erroneous. Unless the majority intend to disapprove one of the first three points stated  which I doubt, but my doubts are not dissipated by either the opinion of Mr. Justice Roberts or the special concurrence of Mr. Justice Drew  the decision must rest on the court's determination that there is in this case, as a matter of fact, uncontrovertible on this record as a matter of law, "good cause" for granting the extension of time. I am unable to agree. Nothing in the record brought here discloses what transpired at the hearing on the motion. The petition alleges that a handwritten memorandum appears on a letter to the court from the curator in which the judge suggested to his chief administrator that in view of the estate's having no assets perhaps the curator should be discharged. There is no allegation that this memorandum affected claimants' actions in any way and if it has any effect at all it eludes me. There is no allegation that personnel in the county judge's office lulled claimants into a false sense of security, as in In re Meigs' Estate, Fla.App. 1965, 177 So.2d 246.
Meigs, Kemp, Norregaard, Sessions, Smoak and Jeffries, on which Mr. Justice Roberts' opinion rests, are all affirmative of factual findings of trial judges, and cannot reasonably support a reversal in this case. What the Court does today is to hold not only that the allegations of the petition for extension of time are legally sufficient  a proposition with which I disagree  but that they are to be taken as true, without any supporting transcript of the record in the county judge's court and without the slightest consideration whether there was, at that hearing, any evidence tending to support the county judge's finding. This is, in my judgment, contrary to sound and settled law respecting the relationship of appellate to trial courts, and I must respectfully dissent.
My view of the constitutionality of Section 733.16(1) (d) is simply that the shorter period for presentation of claims comports with the desirability of passing property as soon as practicable from the limbo of probate to those entitled, with due regard to the claims against it. The insurance company is no more entitled to such a brief period than a living tortfeasor, against whom the claim persists for four years. Since the majority do not reach this question, I need not elaborate.