HENDRY, Judge.
In 1966, an auto accident occurred involving appellant Stanton and Harry Woolf. At the time of the accident, Woolf was insured by National Service Fire Insurance Company. Stanton retained an attorney to represent him in his endeavor to recover damages arising from the accident.
Subsequently, Stanton’s attorney communicated with Bernard Berman, the lawyer representing the insurance company. Ber-man also defended Woolf in municipal court on the traffic violation charges which arose out of the accident.
Meanwhile, Berman had filed a third party action for indemnification against appellee Munroe Zeder Chrysler Plymouth, Inc., ultimately obtaining a default judgment. Thereafter, Stanton’s attorney embarked upon negotiations with Berman in regard to Stanton’s claim. Both lawyers came to an understanding that Stanton’s law suit would not be filed for various reasons not pertinent to this appeal.
Shortly after the occurrence of the above events, Woolf died, and his death was made known to Stanton and Stanton’s attorney. Appellee Kruse was the executor of Woolf’s estate and caused to be published the estate’s first notice to creditors on October 6, 1967. Stanton’s claim for damages arising out of the original auto accident was not filed against Woolf’s estate until August 14, 1968, a date beyond the six months limitation period for claims against a decedent’s estate. § 733.16(1) Fla.Stat., F.S.A. (1967).
Executor Kruse, defendant below, filed his motion to dismiss and answer raising a defense based on the limitation period. Plaintiff Stanton replied, alleging that the estate was estopped from asserting the statute of non-claim. At the hearing held on the parties’ motions for summary judgment, it was established that the original attorney, Berman, who had represented the insurance company and Woolf individually, was not in any way representing the executor of the estate. There was additional evidence regarding the active roles played by this attorney in his negotiations with Stanton’s lawyer. In his deposition, Berman revealed that he probably had requested Stanton’s attorney to forebear from filing suit, although he had no specific recollection of such a request. The trial judge thereafter rejected Stanton’s assertion that the estate was estopped from pleading the non-claim statute, and granted the defendant’s motion for summary judgment. We find no reversible error in the action of the trial judge.
The two depositions filed in support of Stanton’s reply, wherein he raised the affirmative defense of estoppel -as to the non-claim statute, did not, when coupled with evidence submitted at the hearing thereon, "suficiently show cause for the court to have authorized such an extension of time. The appellant was at all times apprised of Woolf’s death, and had actual notice of the publication of the estate’s notice to creditors. In the case of In re Kemp’s Estate, Fla.App.1965, 177 So.2d 757, the court held that good cause had not *659 been stated when the claimant’s petition for extension of time failed to reveal that any personal representative, agent, attorney, or employee of the decedent’s estate by design or inadvertence took any action which could have lulled the claimant into a false sense of security or otherwise have induced him to ignore the non-claim statute. See also In re Goldman’s Estate, Fla.1955, 79 So.2d 846. In the case sub judice, there were no allegations of fraud or arguments tending to show that Woolf’s death was kept unknown to the appellant. The above-mentioned depositions do nothing to support any of the requisites necessary to estop the estate from raising the non-claim statute. Compare: In re Kemp’s Estate, supra, with Adams v. Hackensack Trust Company, 1945, 156 Fla. 20, 22 So.2d 392 (estoppel allowed because of fraud on claimant; fraud committed when one of the estate’s executors advised claimant that deceased died at his home in New York, but failed to also advise that the will was being probated in decedent’s resident state, Florida) ; Sessions v. Jelks, Fla.App.1967, 194 So.2d 307 (claimant held to have shown good cause for filing claim two months late; evidence showed that parties’ attorneys had agreed to allow extra time and that attorney for the estate later refused to so stipulate in writing); North v. Culmer, Fla.App.1967, 193 So.2d 701 (genuine issue of fact was presented as to whether the conduct of decedent’s insurer presented grounds for estoppel when five claim adjusters handled the case for three years in a manner which allegedly tended to give the impression to claimant’s attorney that decedent was still alive); Davis v. Evans, Fla.App.1961, 132 So.2d 476 (genuine issue of fact was presented when claimant alleged that attorneys for decedent’s estate continued to file postmortem pleadings and otherwise give the impression that decedent was still alive, so as to estop the estate from raising the non-claim statute).
Affirmed.