## DADE COUNTY v. FLORIDA NATIONAL BANK AT CORAL GABLES.

### No. 73-8673.

Circuit Court, Dade County.

January 25, 1974.

Stuart L. Simon, County Attorney, Robert L. Krawcheck, Assistant County Attorney, for the plaintiff.

Eugene M. Short, Jr., Coral Gables, for the defendant.

THOMAS E. LEE, Circuit Judge.

This is an action against Florida National Bank at Coral Gables as executor of the estate of Ellen Morgan Holl, deceased, for the recovery upon a hospital bill for services and supplies provided to decedent at the Dade County owned Jackson Memorial Hospital. The defendant filed a motion to dismiss which was not set down for hearing, and this cause came on for hearing upon plaintiff's motion to strike the motion to dismiss.

As its basis for moving to dismiss, the defendant contends that the complaint was not timely filed in accordance with F.S. 733.18 (2). This statute provides that a claimant against an estate shall have two calendar months within which to file suit after the service of an objection to the estate claim.

It is undisputed that service of the objection was made on February 8, 1973, and that suit was filed by the plaintiff on April 9, 1973, a Monday. There is a factual dispute as to whether or not personal service was made upon the claimant on February 8, 1973, in addition to service by registered mail on the said date. The certificate of service filed with the probate division of this court states that a copy of the objection was "mailed by registered mail *and/or* personally served by and upon Dade County, Florida, De-

partment of Hospitals, this 8th day of February, 1973". (emphasis supplied)

The defendant contends that, service having been made on February 8, the two month period for filing suit expired on Sunday, April 8. Plaintiff's position is that if service was by mail only, plaintiff was entitled to three additional days within which to file suit, pursuant to Rules of Civil Procedure 1.090(e), and Probate and Guardianship Rules 5.050(h). Further, plaintiff argues that even if personal service was made on February 8, the time for filing suit would not expire until the Monday following Sunday, April 8, 1973.

The court finds it unnecessary to resolve the factual dispute as to the manner in which the objection was served. The two month period having ended on a Sunday, plaintiff was entitled to bring suit the following Monday. Rules of Civil Procedure, Rule 1.090 provides that "In computing any period of time prescribed or allowed by these rules, by order of court *or by any applicable statute* ... [t]he last day of the period so computed shall be included unless it is a Saturday, Sunday or legal holiday in which event the period shall run until the end of the next day which is neither a Saturday, Sunday or legal holiday." (emphasis supplied) Rule 1.090 is applicable to probate proceedings by virtue of Probate and Guardianship Rules 5.050(h).

It is defendant's contention that Rule 1.090 is invalid as applied to F.S. 733.18. A similar question was considered by the Supreme Court in Stockslager v. Daly Aluminum Products, Inc., 246 So.2d 97 (Fla. 1971). In that case the court construed the Mechanics Lien Act requirement of service of notice within 45 days and concluded that service was permissible on the forty-sixth day where the period would have otherwise ended on a Sunday. Noting that the Mechanics Lien Act was silent as to the computation of time, the court did not extend the statutory period but applied Rule 1.090(a) and Florida Appellate Rule 3.18 as rules of statutory construction. The Supreme Court observed "the impossibility of performing most procedural acts set up by statute on a Sunday or holiday" and concluded that "absent a clear statutory mandate dictating a different result, we decline to ascribe to the legislature an intent to require a party to perform an impossible act." *Id.* at 98.

A similar result was reached in Finley v. State, 168 So.2d 201 (Fla. App. 1964) where the court, in construing the statutory jurisdictional period within which a criminal appeal must be filed, concluded that the period must be computed in accordance with the Florida Appellate Rules. The result was to permit the filing of an appeal on a Monday where the period would otherwise end on a Sunday. Finally, Third District Court of Appeal has considered the

computation of time regarding a limitations statute and has reached a conclusion consistent with *Daly* and *Finley,* supra. Herrero v. Black and Decker Manufacturing Company, 275 So.2d 54 (Fla. App. 1973), affirmed 281 So.2d 18 (Fla. 1973).

In the statute under consideration, unlike those statutes involved in the aforementioned cases, the legislature has given the courts the discretion to extend the time for filing suit. Accordingly, it has been held that the two month period prescribed by F.S. 733.18 operates as a rule of judicial procedure and not as a statute of non-claim. In re Estate of Sale, 227 So.2d 199 (Fla. 1969); Estate of Norregaard v. Carlisle, 220 So.2d 653 (Fla. App. 1969); Sessions v. Jelks, 194 So.2d 307 (Fla. App. 1967). Moreover, the period for filing suit against an estate may be extended even after the time has run. In re Estate of Kemp, 177 So.2d 757 (Fla. App. 1965). It would appear, therefore, that the statute at bar, when compared with those in the cases cited above, presents an a fortiori occasion for applying Rule 1.090.

Defendant argues that an extension of time under F.S. 733.18 may only be granted by the judge of the probate division. If a true extension of time were at issue in this cause, defendant's contention would merit thorough analysis. However, what is in question here is not an extension but a question of statutory construction as to the running of the initial two month period. Consequently, the *Daly, Finley,* and *Herrero* cases are controlling and the filing of the complaint on Monday, April 9, 1973 was timely.

It is therefore ordered and adjudged as follows — (1) defendant's motion to dismiss is denied and the defendant shall file an answer to the complaint within 15 days of the date of this order. (2) Plaintiff's motion to strike is moot.