HUBBART, Judge.
The Florida Department of Revenue, through the Governor and the Cabinet of the state of Florida, adopted an order assessing a sales tax against a corporation in Florida for certain sales of merchandise made by the corporation for foreign export. The corporation petitions this court for a writ of certiorari to review this order.
The issue presented for review is whether goods manufactured in Florida and sold to a corporation outside the continental United States are subject to a Florida state sales tax when the seller delivers the goods in Florida to the purchaser’s wholly owned subsidiary corporation possessing a state-issued export sales tax number who thereafter causes the goods to be delivered to a common carrier for shipment to the foreign purchaser. We hold that in the absence of formal state export licensing procedures, such a sales tax is unauthorized under section 212.06(5)(a), Florida Statutes (1975), because the goods were delivered for export to a “licensed exporter.”
The petitioner, Graybar Electric Co., Inc., is a wholesale electric distributing company in Florida. Two of its foreign customers are Triumpho Electric, Inc. in the Virgin Islands and Grand Bahama Development Co., Ltd. in the Bahamas. For exporting purposes, Triumpho owns Caribbean Supply Co., a subsidiary corporation formed in Florida. Grand Bahama owns America Devco, Inc., a subsidiary corporation also formed in Florida for exporting purposes. The Florida Department of Revenue issued an export sales tax number to both Caribbean Supply Co. and America Devco, Inc. It is undisputed that the state of Florida has no other procedures by which these subsidiary corporations could become licensed exporters.
Between November 1, 1973 and February 28, 1975, Graybar sold electrical equipment in the amount of $237,634.57 to Triumpho in the Virgin Islands and sold similar equipment in the amount of $21,407.55 to Grand Bahama in the Bahamas. In each case, Graybar made the deliveries of the merchandise in Florida to Caribbean Supply Co. and America Devco, Inc., respectively, who in turn caused the merchandise to be placed on a common carrier for shipment to the respective foreign purchasers. The merchandise was stored in warehouses in Miami for a short time prior to export. There were also sales of merchandise made by Graybar to other foreign purchasers but the sales tax imposed thereon is not questioned here.
The Florida Department of Revenue assessed a sales tax against Graybar on the above sales. Graybar contested the tax and a hearing was held by an administrative hearing officer in which the tax assessment was upheld. Sections 120.565, 120.57, Florida Statutes (Supp.1976). The hearing officer made certain findings of fact and submitted a recommended order. This order was subsequently adopted by the Governor and Cabinet of the state of Florida acting as head of the Florida Department of Revenue. Graybar has filed this petition for writ of certiorari to review the order only insofar as it assesses the sales tax in question as to the Triumpho and Grand Bahama sales.
Section 212.05, Florida Statutes (1975), imposes a sales tax on the sale of certain tangible goods in Florida. Section 212.-06(5)(a), Florida Statutes (1975), provides that this tax shall not be imposed upon export goods under certain conditions, to wit:
“It is not the intention of this chapter to levy a tax upon tangible personal property imported, produced or manufactured in this state for export, provided that tangible personal property shall not be considered as imported, produced or manufactured for export unless the importer, producer or manufacturer delivers the same to a licensed exporter for exporting, or to a common carrier for shipment outside the state or mails the same by United States mail to a destination outside the state . . .” [Emphasis added].
The Florida Supreme Court in McGilvray v. O’D. Askew, 340 So.2d 475 (Fla.1976) (Opinion filed December 9, 1976), has inter *720 preted this statute to create a presumption that tangible personal property cannot be considered export goods exempt from the state sales tax unless one of three conditions obtain: (1) the property is delivered to a licensed exporter for exporting, or (2) the property is delivered to a common carrier for shipment out of the state, or (3) the property is mailed by the United States mails outside the state. The presumption created is rebuttable by the taxpayer upon a showing of any one of the above three conditions, in which case the property would not be subject to the state sales tax.
We deal here with the first condition which defeats the state sales tax on export goods, to wit: property delivered to a “licensed exporter for exporting. . . .” There is no dispute that the merchandise delivered by Graybar to Caribbean Supply Co. and America Devco, Inc. was made for export purposes to effect a sale by Graybar to foreign purchasers outside the continental United States. The only contested question is whether Caribbean Supply Co. and America Devco, Inc. are “licensed exporter^]” within the meaning of the above statute.
The Florida Department of Revenue issues export sales tax numbers to exporting companies in Florida which apparently has the effect of exempting such companies from the state sales tax when they hold goods for foreign export. The Department of Revenue has adopted no other procedures by which an exporter can be licensed by the state. Having issued appropriate export sales tax numbers to Caribbean Supply Co. and America Devco, Inc., we believe that the Department of Revenue is in no position to claim that these companies are not in fact licensed exporters since there is no other procedure, by which they could become so licensed. They are recognized as exporters by the state and in the absence of any other formalized procedures, it is our view that these companies are licensed exporters within the meaning of Section 212.-06(5)(a), Florida Statutes (1975). Accordingly, the tangible personal property delivered to them by Graybar for foreign export is not subject to the state sales tax.
Graybar has also contended that the sales tax herein violates Article I, Section 10, Clause 2, of the United States Constitution which provides as follows:
“No State shall, without the consent of the Congress, lay any impost or duties on imports or exports, except what may be absolutely necessary for executing its inspection laws . . . .”
Graybar relies on the following authorities in support of its position: Richfield Oil Corp. v. State Board of Equalization, 329 U.S. 69, 67 S.Ct. 156, 91 L.Ed. 80 (1946); State ex rel. Sunair Electronics, Inc. v. Green, 177 So.2d 490 (Fla.1st DCA 1965), affirmed 180 So.2d 464 (Fla.1965); Gough Industries, Inc. v. State Board of Equalization, 51 Cal.2d 746, 336 P.2d 161 (1959).
We find it unnecessary to reach the constitutional question presented since the tax imposed herein is unauthorized under Florida law. Only if the tax was permissible under Florida law would it be proper for this court to address the constitutional question.
Mr. Justice Brandéis stated the applicable law in his concurring opinion in Ashwander v. Tennessee Valley Authority, 297 U.S. 288, 56 S.Ct. 466, 80 L.Ed. 688 (1936):
“The Court will not pass upon a constitutional question although properly presented by the record, if there is also present some other ground upon which the case may be disposed of. This rule has found most varied application. Thus, if a case can be decided on either of two grounds, one involving a constitutional question, the other a question of statutory construction or general law, the Court will decide only the latter.” Id. at 347, 56 S.Ct. at 483. [Emphasis added].
Florida follows the same rule of judicial restraint in deciding questions of constitutional dimension. The Florida Bar v. Rayman, 238 So.2d 594 (Fla.1970); In re Estate of Sale, 227 So.2d 199 (Fla.1969). We, accordingly, decline to reach the constitutional issue presented here since the case can be disposed of on another ground which *721 presents solely a question of statutory construction.
The petition for certiorari is granted, the order under review is quashed as it relates to the tax imposed upon Graybar Electric Co. for the sale of tangible personal property to Triumpho Electric Co., and Grand Bahama Development Company, Ltd., and the cause is remanded for proceedings consistent with this opinion.