PEARSON, DANIEL, Judge.
Seek, the personal representative of the estate of Theodore H. Wilisch, a decedent, appeals from an order of the probate court extending the time for Headley to bring an independent action against the estate. Seek contends that the probate court’s finding of good cause, a predicate for the extension, was an abuse of discretion. Mindful of the admonition that it is not our function to substitute our judgment for that of the trial court through reevaluation of the evidence below, Shaw v. Shaw, 334 So.2d 13 (Fla.1976), we limit our inquiry to determining whether the trial court’s finding of good cause was supported by competent evidence. Having determined that it was, we affirm.
Theodore H. Wilisch died. Seek, the decedent’s nephew and personal representative, sought out Headley to engage him as an attorney. Seek knew that Headley had satisfactorily represented the decedent, Wil-isch, in protracted divorce proceedings covering some seven years. Headley disclosed to Seek at their first meeting that the decedent owed him money for legal fees and costs and that Headley would compute the amount and make claim for it. Seek decided to hire Headley despite this disclosure. Headley had the impression from this meeting with Seek that the moneys owed to him would be paid without the need for litigation.[1] On February 7, 1979, Headley filed *225 his statement of claim for slightly in excess of $70,000. From the time of the receipt of this claim, Seek made no effort to contact Headley. Instead, Seek engaged the services of an undisclosed attorney to prepare an objection to claim, which Seek filed on February 16,1979. Significantly, Seek took no steps to discharge Headley despite his admitted realization that Headley’s claim was adverse to the estate. From February 16 on, Headley unsuccessfully attempted to telephone Seek some ten to fifteen times. Headley’s messages to return his calls went unheeded. Shortly before March 14, 1979, the attorney who prepared the objection for Seek surfaced with the announcement that Seek had retained new counsel and the request that Headley withdraw. On March 14, 1979, Headley and Seek’s new counsel stipulated to the substitution, and on March 20, 1979, the trial court entered an order thereon.
On April 2, 1979, Headley filed a petition for extension of time to bring an independent action against the estate.
The trial court found, inter alia :
“Mr. Seek was well aware of the provision of law that would ban a creditor if he did not timely commence an independent action. He had Mr. Headley at somewhat of a disadvantage. Mr. Head-ley was not free to ethically commence an action against the estate without withdrawing as attorney of record. He had reason to believe that his claim for services would be paid, compromised or otherwise settled. His testimony on this point is extremely credible in light of the size of his claim and in light of the fact that human knowledge, insight, reason, judgment and understanding clearly militate to corroborate his testimony because his claim for compensation (assuming it is meritorious) was greatly in excess of the fee to be received as the attorney for the estate. Mr. Seek’s failure to respond to his telephone calls or to communicate with him in any manner left Mr. Headley between the proverbial ‘rock and a hard place’. The high ethical standard of due diligence and good faith that an attorney owes a client is not a one-way street.

“If Mr. Headley had possessed a crystal ball and could have looked into the mind of Mr. Seek, he could have timely fashioned and given notice on a petition to withdraw and obtained an order of withdrawal and still commenced a timely independent action without violating the Canons of Ethics. He had no way of knowing this and hád a right to rely upon his previous understanding with his client and expectation that he would deal fairly and honorably with him. It is equally and abundantly clear that Mr. Seek knew what the consequences of the law were and he admitted not having any communication with Mr. Headley. Mr. Headley continued to represent the estate as attorney of record' as evidenced by his letter dated March 12, 1979, ‘Respondent’s Exhibit 5’, imploring Mr. Seek to assist him in the timely filing of an inventory. Under these circumstances, Mr. Seek’s knowledge and desires which are undisputed, together with his failure to respond in any way to Mr. Headley’s telephonic and written communications amount to a species of fraud which the Florida courts have always been ready to rectify.”
The trial court concluded:
“In sum, there is both estoppel and lulling into a false sense of security and a species of fraud demonstrated on this record by Mr. Seek’s willful and deliberate attempt to serve an objection upon his attorney of record and then failure to communicate with him concerning settlement or withdrawal so that the attorney could protect his own interests.”
Section 733.705(3), Florida Statutes (1977), provides in pertinent part:
“The Claimant shall be limited to 30 days from the date of service of an objection within which to bring an independent action upon the claim. For good cause, the *226 court may extend . . . . the time for filing an action or proceeding after objection is filed. . . .” (emphasis supplied).
This statute has consistently been construed to vest the trial court with discretion to extend the time for filing an independent action even when the motion for extension is made beyond the 30-day period. In re Estate of Sale, 227 So.2d 199 (Fla.1969); In re Goldman’s Estate, 79 So.2d 846 (Fla.1955); In re Jeffries’ Estate, 136 Fla. 410, 181 So. 833 (1938). The determination of “good cause” is tested against a given standard of judicial action: there must be a legal excuse for the failure to timely commence the action. In re Goodman’s Estate, supra. It has been held that a legal excuse for extension exists where a claimant (as Headley herein) forgoes the commencement of an independent action under the belief that his objected-to claim will be paid or settled without the need for action, and he reasonably comes to that belief because of representations or actions of the personal representative of the estate or his agent. In re Estate of Herskowitz, 342 So.2d 530 (Fla. 3d DCA 1977); In re Estate of Norregaard, 220 So.2d 653 (Fla. 3d DCA 1969); Sessions v. Jelks, 194 So.2d 307 (Fla. 1st DCA 1967).
There remains to be answered Seek’s contention that if, arguendo, Headley was lulled from February 20 (the date upon which he received Seek’s objection) to March 14 (the date upon which he signed the withdrawal stipulation), there still remained adequate time to file his action during which there existed no legal excuse for the failure to file. It is first our view that Headley was not ethically free to sue the estate until March 20, the date upon which the lower court’s order approving his withdrawal was entered. But even if Headley could have brought suit as of March 14, we are impelled to hold that an appropriate finding of good cause, supported by competent evidence, is not defeated by the fact that the personal representative, who has been responsible for engendering in the claimant a false sense of security, comes forward shortly before the 30-day time limit and informs the claimant that he will not pay, settle or negotiate the claim. We cannot decide on the basis of this record that the lulling was dissipated so early within the 30-day period so as to negate, as a matter of law, the showing of good cause. To so hold would be to permit a personal representative to wait until the eve of the expiration of the 30-day period to declare that he will not pay the claim and thereby prevent a claimant from showing good cause. Such a result would be intolerable.
Affirmed.

. Seek suggests that it was improper for Head-ley to undertake to represent him initially. The propriety of Headley’s engagement as attorney for the personal representative is not material to any issue on this appeal. We note, however, that a lawyer is not absolutely precluded from accepting employment under circumstances where he has disclosed his potentially adverse *225 financial interest to the client and does not anticipate the need for litigation which would require his withdrawal. See Fla.Bar Code Prof. Resp., D.R. 5- 101(A).