SHANNON, Judge.
The appellant, as Executrix of the Estate of Hugh Maxcy, Deceased, filed this, her appeal, from the order of the county judge authorizing and directing the said executrix to pay the claim of Lola C. Marino, the appellee. The appellee had filed her claim against the Estate on October 9, 1963. On or about October 14, 1963, the appellant filed her objection to the claim. A copy of the obj ection was mailed to the appellee, but it was not sent by registered mail, nor was personal service made. Appellee claimed she never received it. The appellee stated that she first learned of the objection to her claim on August 10, 1964. The appellant’s attorney filed a motion for an extension of time in order to send by registered mail a. copy of the objection, and there is an affidavit attached to said motion from an employee of this attorney, which states, among other things: “Such notice of Objection and Disallowance of claim was mailed as¡ per instructed, but inadvertently was not mailed by certified or registered mail.” In. other words, the objection to the claim was. filed in time, but was not served upon the appellee in person or by registered mail, and the county judge granted the petition of the appellee and directed the executrix to pay the claim. In such cases the governing statute is Fla.Stat., Sec. 733.18(2), F.S.A.,. wherein a county judge is given authority to extend the time for serving an objection,, or for filing suit thereon, in each case for good cause shown.
Fla.Stat., Sec. 733.18(2), F.S.A., was. amended in 1953, but in our interpretations of the statute it makes no difference. In 1955 in the case of Ellard v. Godwin, Fla. 1955, 77 So.2d 617, in discussing the county *44 judge’s discretion, our Supreme Court said, in part :
“Applying the above principles to the matter now before us, we fail to find in the record any good cause for the failure of the administratrix properly and timely to object to said claim. Moreover, no legal reason is assigned in the application for the failure of the administratrix to act timely. The application admits the timely filing of the claim, that it was a matter of record at all relevant times but alleged that ‘for some reason’ she did not learn of the filing thereof. Were we to countenance the extension of time to file objections on the basis of such excuses, it would amount to vesting an unbridled power in the hands of the county judges and would complicate rather than facilitate the orderly and speedy administration of estates. * * * ”
In the Ellard case, supra, the facts were not exactly the same, but the rationale is identical.
Also, in the case of Goggin v. Shanley, Fla.1955, 81 So.2d 728, which was a case where the executrix failed to timely file objection to a claim against an estate, our Supreme Court held the county judge was incorrect in denying the claim, and affirmed the circuit court in its order of retention'of the claim, saying, in part:
“The Circuit Judge correctly found the basic point in the case to be that the personal representatives of decedent and not the Probate Judge is charged with responsibility for administering the estate and is liable for his acts of omission. Had the claim in question been objected to and suit timely brought, payment could have appropriately been rejected, regardless of its merits. The executrices should not now • be permitted to ignore the statute of limitations and in the same breath implore the court to raise it against the creditor. Failure of the personal representatives to act should not be permitted to destroy Miss Shanley’s right to compensation.”
We hold that the county judge did not abuse his discretion and affirm the judgment.
Affirmed.
ALLEN, C. J., and LILES, J., concur.