306 So.2d 599 (1975)
In re ESTATE of Allen Lee BRUGH, Deceased.
Henry Woodson BRUGH, As Executor of the Estate of Allen Lee Brugh, Deceased, Appellant,
v.
Julia S. FREAS and Lenna B. Craft, Appellees.
No. 74-965.
District Court of Appeal of Florida, Second District.
January 29, 1975.
Law Offices of McClung & Underwood, Brooksville, for appellant.
Harold B. Stephens, Crystal River, for appellees.
SCHEB, Judge.
Appellant-executor seeks review of an order granting the appellees' petition for compulsory payment of appellees' claims against the decedent's estate. Harold B. Stephens, as common attorney for the two claimants, signed, swore to, and filed timely claims of $3,000 and $8,000 respectively against the estate. Timely objections in proper form were filed on behalf of the estate by the executor's attorney. Notice of the objections was sent by regular U.S. mail to Mr. Stephens at an address listed on one of the claims. While the address was in fact that of one of the claimants, not of Mr. Stephens, Stephens acknowledges timely receipt of both objections. The appellees-claimants petitioned for compulsory payment of claims since the objections had not been served on the claimants by registered mail or personal service as prescribed by F.S. § 733.18(2).
*600 Although the county judge's order was signed on February 28, 1968, for reasons which are not apparent it was not filed until July 10, 1974. This caused considerable concern to the executor and counsel for the parties and resulted in an unreasonable delay in the administration of decedent's estate.
No question has been raised on this appeal as to the sufficiency of the form of objections to appellees' claims.
The question we are called upon to decide is: whether or not service of objections on the claimants' attorney who made an appearance in a probate case by direct filing of claims, and who acknowledged timely receipt of objections in proper form is sufficient, notwithstanding the requirements of F.S. § 733.18(2).
Fla. Stat. § 733.18(2) as effective at the time objections were filed, provided as follows:
"If objection is filed, the person filing it shall forthwith, but not later than thirty days after same has been filed, serve a copy of such objection by registered mail or personal service on the creditor or claimant to whose claim he objects and also on the personal representative if the objection is filed by an interested person other than the personal representative. Failure to serve a copy of such objection as herein provided shall constitute an abandonment of the objection unless the time for service thereof be extended by the county judge for good cause shown."
Appellees rely upon In Re Maxcy's Estate, Fla.App.2d 1965, 178 So.2d 43, where an executor mailed objections to a claimant by regular mail, and such objections were held ineffective by failure to meet the requirements of personal or registered mail services as prescribed by F.S. 733.18(2). However, Maxcy is distinguishable from the case sub judice where the objections were filed timely in proper form and actually received by claimants' counsel who had filed the claims.
Generally an attorney is an agent for his client. Despite the statutory language in F.S. 733.18(2) authorizing a personal representative to file objections to claims, an attorney may actually sign such objections. Epperson v. Rupp, Fla.App.3d 1963, 157 So.2d 537.[1] Certainly notice to an attorney acting within the scope of his authority is imputed to his client, see Reizen v. Florida National Bank at Gainesville, Fla.App. 1st 1970, 237 So.2d 30; hence the requirement of service in F.S. § 733.18(2) was adequately served in this case.
Accordingly, the decision of the lower court is reversed.
Reversed.
McNULTY, C.J., and HOBSON, J., concur.
NOTES
[1] Further evidence of the role of legal counsel in an estate administration as relates to adjudication of claims is exemplified by Ch. 73-106, recently amending F.S. 733.18(2) to add a requirement that a copy of objections with an appropriate certificate of service be sent by ordinary mail to the attorney for the claimant if such attorney's name and address appears on the claim.