PER CURIAM.
Dorothea Turner, executrix of the estate of William Turner, deceased, appeals an order granting the petition of claimant, Marie Myers, for extension of time for filing suit. Ms. Myers cross-appeals from that portion of the order denying her petition for compulsory payment of claims.
On June 6, 1974 Ms. Myers filed two claims against the Turner estate through her attorneys. On July 9 the attorney for the estate filed objections and served them by regular mail on Ms. Myers’ attorneys. Ms. Myers petitioned for compulsory payment of the claims on the ground that she was never served personally or by registered mail as required by § 733.18(2), Fla. Stat. and, therefore, the objections are deemed to have been abandoned. The petition was denied. Whereupon, Ms. Myers filed a motion for rehearing and a petition for extension of time for filing suit. The trial judge entered an order granting extension of time for filing suit and denying the motion for rehearing.
Dorothea Turner alleges the granting of the extension of time was error. We cannot agree.
The decision to grant or deny a petition for the extension of time for filing suit (pursuant to § 733.18(2), Fla.Stat.) is within the sound discretion of the probate judge and the record fails to reflect an abuse of that discretion. See Smoak v. Graham, Fla.1964, 167 So.2d 559; In re Estate of Sale, Fla.1969, 227 So.2d 199.
We also considered Ms. Myers’ cross-appeal and find that the issue she raises has been adversely determined by the holding In re Estate of Brugh, Fla.App.1975, 306 So.2d 599.
Affirmed.