338 So.2d 889 (1976)
EXCHANGE NATIONAL BANK OF WINTER HAVEN, As Executor of the Estate of Richard D. Field, Deceased, Appellant,
v.
Annette Featherstone FIELD and Mary Michelle Field, Appellees.
No. 76-302.
District Court of Appeal of Florida, Second District.
October 27, 1976.
Rehearing Denied November 22, 1976.
Paul Ritter, Winter Haven, for appellant.
Thomas A. Smith of Smith & Carbonell, Tampa, for appellees.
BOARDMAN, Judge.
Appellant, executor of the estate of Richard D. Field, deceased, filed this timely appeal from an order of the probate court granting appellees' motion for an extension of time to file suits on their claims against the estate of the decedent.
*890 Notice of creditors was published by appellant on January 14 and 21, 1975. On May 12 appellees filed their claims in the probate court, and on May 20 appellant filed objections to those claims furnishing copies thereof to appellees and their counsel. Appellant refused appellees' June 17 request to settle their claims. The court granted appellant's motion filed on July 9 extending the time for filing the inventory of the estate until September 1. The inventory was filed August 29. On December 5, 1975 appellees filed their motion for an extension alleging that they required additional time to file their actions.
A claimant is required to file suit on his claim within one month after receipt of service of the personal representative's objection to that claim. Section 733.18, Florida Statutes (1973). In this case appellees were required to file their suits on or before June 27. We are aware that the probate code vests discretion in the court to extend the time for bringing suit upon good cause shown. Section 733.18, Florida Statutes (1973); In re Estate of Sale, 227 So.2d 199 (Fla. 1969). The Florida supreme court has restricted good cause for an extension to "a substantial reason" which constitutes a legal excuse. In re Goldman's Estate, 79 So.2d 846 (Fla. 1955). Appellees' contention that they delayed filing their suits until the inventory showed whether there were sufficient assets in the estate to satisfy their claims does not meet the standard established in In re Goldman's Estate. In our judgment the absence of good cause to justify the extension of time is particularly apparent in that appellees did not file their suits until more than three months after the inventory was filed.
Accordingly we
REVERSE.
McNULTY, C.J., and HOBSON, J., concur.