372 So.2d 1129 (1979)
In re the ESTATE OF Homer Eugene OXFORD, Deceased.
No. 78-895.
District Court of Appeal of Florida, Second District.
June 8, 1979.
*1130 Samuel G. Crosby of Miller & Sweat, Lakeland, for appellant.
A.H. Lane of Lane, Massey, Trohn, Clarke, Bertrand & Smith, Lakeland, for appellee.
OTT, Judge.
The issue is whether there was an abuse of discretion in the trial court's finding of "good cause" pursuant to § 733.705(3), Fla. Stat. (1976). We hold that there was no abuse of discretion.
Homer Eugene Oxford died in July 1977. In his will he devised his entire estate to his brother, Lon D. Oxford, Sr., the personal representative of the estate and the appellant herein.
On January 30, 1978 the Oxford Lumber Company (appellee herein) filed a statement of claim against the estate. The claim was founded upon a long term open account between the decedent and the corporation and was in the amount of $23,170.47.
On February 7, 1978 the personal representative served his objection to the claim by serving the attorney for the corporation (Ned F. Sinder, Esq.) by mail. The attorney thereafter conferred with the president of the appellee corporation (T.J. Oxford, Jr.) at which time he advised Oxford of the service of the objection and further advised that other counsel should be employed to bring an independent action on the claim within thirty days pursuant to § 733.705(3). Oxford promptly secured other counsel to file the necessary action. The objection itself, however, was not delivered to or otherwise brought to the attention of the second law firm.
The independent action was filed March 28, 1978. This is nineteen days overdue. On April 10, 1978, a Petition for Extension of Time to File Independent Action was filed wherein the appellee gave the following reasons for the nineteen day delay:
4. Ned F. Sinder, Esq., thereafter timely advised the Petitioner that it would be necessary that an independent action be filed within thirty (30) days from February 7, 1978, and suggested that the Claim be handled by the Petitioner's undersigned attorneys who were primarily engaged in other litigation involving the estate.
5. T.J. Oxford, Jr., thereupon conferred with his undersigned attorneys and delivered copies of the various delivery tickets, invoices, etc., supporting the amount and accrual of the Claim but he did not perceive the legal significance of disclosure to his undersigned attorneys that the Objection had been filed and served and it was not until March 28, 1978, upon examination of the probate file for other purposes that counsel discovered that the objection had been filed.
The lower court granted the extension of time to file an independent action. We affirm for the reasons hereinafter stated.
In Exchange National Bank of Winter Haven v. Field, 338 So.2d 889 (Fla. 2d DCA 1976) the creditors therein delayed filing their suit on the ground that they wanted to wait until the inventory was filed to see *1131 whether there would be sufficient assets in the estate. The specific dates at issue were as follows:

 May 12: Claim filed by creditors.
 May 20: Objection by personal representative.
 June 27: Deadline for independent action.
 August 29: Inventory filed by personal representative (after extension).
 December 5: Motion for Extension of Time alleging that there was required
 additional time in order to file the actions.

Judge Boardman of this court held that there was an absence of good cause to justify the extension of time. Judge Boardman pointed out that the general rule in Florida was promulgated in In Re Goldman's Estate, 79 So.2d 846 (Fla. 1955). He noted that the Florida Supreme Court there "restricted good cause for an extension to `a substantial reason' which constitutes a legal excuse." 338 So.2d at 890. Judge Boardman also noted that the absence of good cause was "particularly apparent in that appellees did not file their suits until more than three months after the inventory was filed." Id.
In In Re Goldman's Estate, supra, the facts were as follows. The claim against the estate was filed on November 24, 1953 by a party injured in an automobile accident with the decedent. Objections were filed immediately, on November 28, 1953. However, it was not until October 13, 1954  almost one year later  that the claimant filed a petition for extension of time. The basis for relief cited by the claimant was two-fold, namely, that (1) the claimant had to undergo an additional operation and they wanted to wait to see the results; and, (2) that claimant's attorneys were unaware of an amendment to the statute which shortened the time within which the claimant had to act from twelve months to two months.
The supreme court pointed out that the claimant's interpretation of the existing law was erroneous in that the existing law [the amendment hardly changed anything] was to the effect that when an objection to a claim was made, the two month period was applicable. With reference to good cause, the Goldman court held as follows:
[A] cause sufficient to authorize an extension of time for filing suit must be a "good cause," by which it is meant that "the adjudication is to be governed by a given standard of judicial action." 79 So.2d at 848.
The court then promulgated the rule which stands today:
"[A] substantial reason, one that affords a legal excuse," or a "cause moving the court to its conclusion, not arbitrary or contrary to all the evidence," and not mere "ignorance of law, hardship on petitioner, and reliance on [another's] advice." Id.

With reference to judicial discretion, the court in Ellard v. Godwin, 77 So.2d 617, 619 (Fla. 1955) stated:
The power vested in the county judge under the statute to extend the time provided in the statute in given cases is limited to those instances in which good cause is made to appear to the county judge. This is not an unbridled power by any means. The exercise of such power is a judicial act and involves the exercise of judicial discretion. Judicial discretion, as we pointed out in Carolina Portland Cement Co. v. Baumgartner, 99 Fla. 987, 128 So. 241, 247, "does not imply that a court may act, or fail to act, according to the mere whim or caprice of the presiding judge, but it means a discretion exercised within the limits of the applicable principles of law and equity, and the exercise of which, if clearly arbitrary, unreasonable, or unjust, when tested in the light of such principles, amounting to an abuse of such discretion, may be set aside on appeal."
See In Re Estate of Herskowitz, 342 So.2d 530, 531-32 (Fla. 3d DCA 1977).
In Smoak v. Graham, 167 So.2d 559 (Fla. 1964) the supreme court held that "[t]he discretion exercised by the probate court under the statute is, of course, to be reasonable in character, not arbitrary or absolute." 167 So.2d at 562. See In Re Estate of Sale, 227 So.2d 199 (Fla. 1969). We hold that the exercise of discretion herein comported with the standards set by Florida courts. It was reasonable.
*1132 The case law of Florida is clear that the time limitations prescribed by the applicable statute for the filing of objections to claims against an estate and for filing an appropriate action or suit upon any such claim operate merely as rules of judicial procedure and not as statutes of nonclaim. In Re Estate of Sale, supra; In Re Goldman's Estate, supra; In Re Jeffries' Estate, 136 Fla. 410, 181 So. 833 (Fla. 1938). They are designed to foster an orderly and expeditious administration of estates but should not be arbitrarily applied so as to deny substantial justice.
As was stated in In Re Estate of Sale, supra, "[t]hese time limitations may be relaxed, within the sound discretion of the probate judge, even though the time limit may have expired prior to the filing of the motion for extension." 227 So.2d at 201. We hold that in the instant case the time limitations for the filing of the independent action were properly relaxed. No claim is made that the delay could result in prejudice or hardship to the appellee.
The order of the trial judge is affirmed.
HOBSON, Acting C.J., and RYDER, J., concur.