RYDER, Chief Judge.
The personal representative for the estate of Sylvia M. Robins appeals an order requiring him to pay a claim on the estate and the denial of his motion for rehearing. We affirm.
On November 9, 1982, the court ordered the will of Sylvia Robins admitted to probate. The personal representative filed the notice of administration on November 29, 1982.
On January 27, 1983, Rose Eckert, a beneficiary under the will, filed a timely statement of claim. The claim alleged that she held a promissory note for $20,000.00 plus interest signed by the deceased, which was owed to her at the time of Sylvia Robins’ death.
Eckert met with the estate’s personal representative and his attorney on February 10, 1983 to discuss the disposition of the deceased’s personal effects. At that time, the parties for the estate informed her that there was an objection to her claim. During that same meeting, the parties came to an understanding regarding the disposition of the personal property and Eckert’s claim against the estate but no true agreement was ever reached.
On March 7, 1983, the personal representative formally filed his objection to Ec-kert’s claim with the court. The personal representative’s attorney certified on the objection that five days before filing he had sent a copy of the objection to Eckert by U.S. mail, using the address listed on her claim. That address was incorrect. Eckert later testified that she never received the *274 objection, and that she first learned it had been filed at the end of March when she visited the probate office to look at the file.
Eckert filed a separate lawsuit on the disputed claim. She also petitioned the court to order the personal representative to pay the claim on the ground that she had not been served with the objection by certified or registered mail within ten days of filing as required by section 733.705(2), Florida Statutes (1981).
After a hearing on Eckert’s petition, the court ordered the personal representative to pay Eckert’s claim as soon as reasonably possible.
The personal representative filed a motion for rehearing, which the court granted after Eckert’s counsel failed to appear at the hearing on the motion. However, on Eckert’s motion, the court later set aside the order granting rehearing.
The appellant argues that the court should not strictly construe section 733.-705(2) and that the appellee received sufficient “notice” of the objection to her claim and did not claim any hardship or prejudice.
The pertinent portion of section 733.-705(2) reads:
If an objection is filed, the person filing it shall serve a copy of the objection by registered or certified mail to the address of the claimant as shown on the claim or delivery to the claimant to whose claim he objects or the claimant’s attorney of record, if any, not later than 10 days after it has been filed, and also on the personal representative if the objection is filed by any interested person other than the personal representative.
The appellant argues he mailed a copy of the objection to the appellee five days before he filed it in the court, as attested to on the certificate of service. He further argues that although the copy was mailed to an incorrect address and the appellee claimed to have never received it, she nevertheless knew of the objection and, therefore, had “notice” that an objection to her claim had been filed.
The language of the statute is clear. To fulfill the requirements for filing an objection to a claim under section 733.-705(2), “the person filing it shall serve a copy of the objection by registered or certified mail ... or delivery to the claimant ... or the claimant’s attorney of record.” (Emphasis added) The appellant neither served nor delivered a copy of the objection to the appellee within the meaning of the statute.
The appellant urges us to rely upon In re Estate of Brugh, 306 So.2d 599 (Fla. 2d DCA 1975), in which the court held that an objection sent by regular mail to the claimant’s attorney was sufficient notice despite noncompliance with the statute. Brugh is distinguishable from the case before us. In Brugh, the court was considering the sufficiency of service of an objection under section 733.18(2). That statute was the predecessor statute of section 733.705(2) and did not provide that service of an objection could be upon the claimant’s attorney. The court held that notice to the attorney, who is the agent for the claimant, was sufficient to fulfill the statute’s service upon the claimant requirement. The court noted that the objection had been timely filed and actually received and acknowledged by the claimant’s attorney.
In the case before us, the personal representative filed the objection in a timely manner, but failed to serve the claimant within ten days of filing as required by statute. Furthermore, the appellee testified that she never received the objection. We recognize that the time limitations operate as rules of judicial procedure rather than as statutes of nonclaim. In re Estate of Oxford, 372 So.2d 1129, 1132 (Fla. 2d DCA 1979), certdenied, 383 So.2d 1200 (Fla.1980). However, these rules are designed to foster an orderly and expeditious administration of estates and it is within the sound discretion of the probate judge whether to relax the time limitations. Id. at 1132 (citing In re Estate of Sale, 227 So.2d 199, 201 (Fla.1969)). In this case, the judge chose not to do so and we agree with his judgment. There is no competent, sub *275 stantial evidence that the objection was ever served upon the appellee.
The indirect form of “notice” which the appellee received in this case was not sufficient to fulfill the requirements of the statute, nor does this manner of notice contribute to the orderly and expeditious administration of estates.
Affirmed.
SCHOONOVER and LEHAN, JJ., concur.