481 So.2d 16 (1985)
Gerald J. GOLDEN, Jr., Appellant,
v.
ATLANTIC NATIONAL BANK OF JACKSONVILLE, a Banking Institution, Appellee.
No. BG-260.
District Court of Appeal of Florida, First District.
November 27, 1985.
Rehearing Denied January 28, 1986.
*17 Harris Ball, and Michael J. Korn, Jacksonville, for appellant.
Robert L. Rowe, Jr., of Rowe and Rowe, P.A., Jacksonville, for appellee.
WIGGINTON, Judge.
Appellant filed a claim in the estate of Mildred M. Golden, his mother. Appellee, as personal representative of the estate, filed an objection to the claim on November 29, 1984, with service of the objection accomplished on December 3, 1984. Thereafter, on December 21, appellant filed a complaint in the circuit court, alleging the estate owed him a certain sum based on his share of a promissory note allegedly promised him in but not forthcoming under the will. On January 25, 1985, appellee filed a motion to dismiss the complaint based on appellant's failure to file in the estate proceeding written notice of the independent action as required by section 733.705(3), Florida Statutes (Supp. 1984).[1] On March 29, 1985, appellant filed a petition for extension of time, nunc pro tunc, to file the statutory written notice. The circuit judge granted appellee's motion to dismiss, dismissing the cause with prejudice. Appellant now challenges the dismissal and argues that the court erred in failing to grant his petition for extension of time. We affirm.
Appellee initially points out that appellant improperly filed his petition for extension of time in the civil proceeding instead of the probate proceeding. Poncier v. State, Dept. of Health and Rehabilitative *18 Services, Division of Family Services, 284 So.2d 463 (Fla. 3d DCA 1973). However, it is also true that, pursuant to appellee's own motion filed simultaneously with its motion to dismiss, the instant cause was transferred to the probate division, resulting in both cases being heard before the same judge. Because we find, as will be explained hereinafter, that the judge did not err in dismissing the independent claim, we decline to affirm the judgment on such a hypertechnical ground.
It is well established under Florida law that the time limitations in section 733.705(3) may be relaxed within the sound discretion of the probate judge, even though the time limit may have expired prior to the filing of the motion for extension. In re Estate of Oxford, 372 So.2d 1129 (Fla. 2d DCA 1979); In re Estate of Sale, 227 So.2d 199 (Fla. 1969); In re Estate of Kemp, 177 So.2d 757 (Fla. 1st DCA 1965); In re Estate of Goldman, 79 So.2d 846 (Fla. 1955). The time limitations prescribed by section 733.705(3) for the filing of objections to claims against an estate and for the filing of an appropriate action or suit upon any such claim operate merely as rules of judicial procedure and not as a statute of nonclaim. In re Estate of Oxford; cf. In re Estate of Robins, 463 So.2d 273 (Fla. 2d DCA 1984).
Nevertheless, appellee would argue that by virtue of the 1984 amendment to section 733.705(3), the statute metamorphosed into a statute of nonclaim.[2] We disagree. Prior to amendment, the statute initially read: "No action or proceeding shall be brought against the personal representative after the time limited above." The 1984 amendment added to that language, "and any such claim shall be forever barred without order of the court." We do not interpret that additional language as any indication of legislative intent to change the nature of the statute from one of judicial procedure to one of nonclaim, since the statute as amended allows for judicial discretion in determining whether the time limitations for filing may be extended. Rather, the additional language merely makes self-executing the original provision barring further action should the time limitations run without extension.[3]
Thus, we reach the central issue, that being whether the judge correctly dismissed appellant's complaint based on his failure to timely file notice of such action as required by section 733.705(3). To answer that question in the affirmative, we must examine the judge's failure to act on appellant's petition for extension of time in light of appellant's allegations as grounds therefor.
In the petition, appellant's counsel stated that the law library, which he had continuously utilized for over twenty-five years, did not contain any updated supplements or materials reflecting the fact that, effective May 15, 1984, section 733.705(3) was amended to require written notice filed in the estate proceeding within thirty days of the filing of an independent action. Counsel stated that he first became aware of the amendment at the hearing held on appellee's motion to dismiss. Unfortunately, mere ignorance of the law, hardship on the petitioner, and reliance on another's advice do not constitute "good cause" to authorize an extension of time. Rather, good cause here must be a substantial reason, one that affords a legal excuse or cause, not arbitrary or contrary to all the evidence, moving the court to its conclusion to extend the time for filing. In re Estate of Oxford; In re Estate of Kemp; In re Estate of Goldman.
Since appellant's petition did not sufficiently allege a basis for good cause to extend, nunc pro tunc, the time for filing notice of the independent action upon the claim, the judge did not err in failing to *19 grant it. Accordingly, faced with the admonition in section 733.705(3) that no action or proceeding shall be brought against the personal representative after the time limitations have expired, such claim being "forever barred," the judge was eminently correct in granting appellee's motion to dismiss.
AFFIRMED.
BOOTH, C.J., and BARFIELD, J., concur.
NOTES
[1] Section 733.705(3) provides:

The claimant is limited to a period of 30 days from the date of service of an objection within which to bring an independent action upon the claim and within which to file written notice of such action in the estate proceeding. For good cause, the court may extend the time for filing an objection to any claim or may extend the time for serving the objection, and may likewise extend the time for filing an action or proceeding, and filing notice of the action or proceeding, after objection is filed. The extension of time shall be granted only after notice. No action or proceeding on the claim shall be brought against the personal representative after the time limited above, and any such claim is forever barred without any court order. If an objection is filed to the claim of any creditor and an action is brought by the creditor to establish his claim, a judgment establishing the claim shall give it no priority over claims of the same class to which it belongs.
[2] See s. 1, ch. 84-25, Laws of Florida (1984).
[3] The general rule in statutory construction is that "a mere change of language in a statute does not necessarily indicate an intent to change the law for the intent may be to clarify what was doubtful and to safeguard against misapprehension as to existing law." 49 Fla. Jur.2d Statutes § 134 (1984).