505 So.2d 487 (1987)
John L. RICCIARDELLI, Simeon Spear, Spear, Safer, Harmon & Co., P.A. and Sunset Commercial Bank, Appellants,
v.
Ruth L. FASKE, As Personal Representative of the Estate of Paul Faske, Deceased, Appellee.
Nos. 86-1874 to 86-1876, and 86-1894 to 86-1896.
District Court of Appeal of Florida, Third District.
March 17, 1987.
Rehearing Denied April 29, 1987.
Greenberg, Traurig, Askew, Hoffman, Lipoff, Rosen & Quentel and Alan T. Dimond, Kendall B. Coffey and Kenneth B. Robinson, Miami, for appellants.
Franklin D. Kreutzer, Canner & Glasser and Ilene Swickle, Hallandale, for appellee.
Before BARKDULL and HUBBART and DANIEL S. PEARSON, JJ.
PER CURIAM.
This is a consolidated appeal by three estate creditors [Simeon Spear, Spear, Safer, Harmon & Co., P.A.; John L. Ricciardelli; and Sunset Commercial Bank] from a final order entered in an estate proceeding. The orders under review deny motions filed by the estate creditors to extend the time within which to file their respective written notices of an independent action brought against the estate. These notices, it is urged, are required by Section 733.705(3), Florida Statutes (1985), to be filed in the estate proceeding within thirty days from the date of service of the estate representative's objection to the said claims. The order under review is treated as final because it may very well preclude the further maintenance of the creditors' independent actions, see Fla.R.P. & G.P. 5.100, although, frankly, we have grave doubts whether such a drastic sanction is authorized under our law.[1] We reverse the orders under review and remand with directions to grant the creditors' motions for extension of time based on the following briefly stated legal analysis.
First, we assume, without deciding, that Section 733.705(3), Florida Statutes (1985), requires that a separate notice of an independent *488 action be filed in the estate proceeding within thirty days of the service of the estate representative's objection to claim where, as here, the independent action is filed within the above-stated time limit in the circuit court where the estate proceeding is pending, although we have serious doubts whether the statute actually requires such an utterly useless gesture. Second, we further assume, without deciding, that the above statute establishes a substantive, rather than a procedural requirement, and thus is constitutional under Article V, Section 2(a) of the Florida Constitution, although here, too, we have grave doubt on this issue. See Cozine v. Tullo, 394 So.2d 115 (Fla. 1981); State v. L.H., 392 So.2d 294 (Fla.2d DCA 1980), approved, 408 So.2d 1039 (Fla. 1982); Johnson v. State, 308 So.2d 127 (Fla. 1st DCA 1975), aff'd, 346 So.2d 66 (Fla. 1977). Third, we finally assume, without deciding, that the notices filed by the creditors in the estate proceeding below were untimely filed under Section 733.705(3), Florida Statutes (1985), although the creditors here make a compelling argument to the contrary; at worst, however, these notices were filed only eight days late.
Fourth, the reason given by sworn affidavit for the late filing of the subject notices stated "good cause" for an eight-day extension of the thirty-day time period as provided for in Section 733.705(3), Florida Statutes (1985), to wit: (a) the law firm representing all of the estate creditors involved in these appeals did not receive a copy of the estate's objection to the creditors' claims until February 24, 1986, (after seventeen days had elapsed on the thirty-day statutory period) because the estate elected not to serve the creditors' counsel but instead served the creditors themselves; and (b) through a clerical error in the law firm's office, the filing of the subject notices were thereafter calendared incorrectly. See In re Wilisch's Estate, 384 So.2d 223 (Fla. 3d DCA 1980); In re Oxford's Estate, 372 So.2d 1129 (Fla. 4th DCA 1979), cert. denied, 383 So.2d 1200 (Fla. 1980); English v. Hecht, 189 So.2d 366 (Fla. 3d DCA), cert. denied, 194 So.2d 619 (Fla. 1966). Finally, given this showing of "good cause" for an extension of time within which to file the subject notices as authorized by Section 733.705(3), Florida Statutes (1985), the trial court abused its discretion in denying the creditors' motions for said extension filed below. See In re Jeffries' Estate, 136 Fla. 410, 181 So. 833 (1939); In re Herskowitz's Estate, 342 So.2d 530 (3d DCA 1977), cert. discharged, 360 So.2d 378 (Fla. 1978).
The final order under review is reversed and the cause is remanded to the trial court with directions to grant the creditors' motions for an extension within which to file the notices of independent action in the estate proceeding below.
Reversed and remanded.
BARKDULL and HUBBART, JJ., concur.
DANIEL S. PEARSON, Judge, concurring.
Although I do not disagree that the estate creditors showed "good cause" to extend the time for filing a notice that they had brought an independent action against the estate, I think the requirement that they file this notice (and the concomitant requirement to show good cause why they have not been able to, or cannot, file it within the allotted thirty days) is so manifestly procedural in nature that we should, without any hesitation, hold the requirement unconstitutional as being a legislative intrusion into powers vested exclusively in the judiciary by Article V, Section 2(a), of the Florida Constitution.[1] The notice does nothing more than (a) advise the court where the estate is being probated that suit has been filed against the estate, advice that is entirely redundant where, as here, the independent action has been filed in the same circuit court where the estate is being probated; and (b) advise other creditors that one of their number has instituted a *489 suit which might impinge on their ultimate ability to collect from the estate. In either case, there is nothing substantive about this notice as, of course, the Supreme Court of Florida recognized when it promulgated Florida Rule of Probate and Guardianship Procedure 5.065 requiring the very same notice to be filed by the personal representative.[2]
Next, even if I am wrong in my assessment that this notice requirement in Section 733.705(3) is unconstitutional, I do not think that a finding that its passage was properly within the Legislature's prerogative means that creditors who fail to file timely this notice and fail to procure an extension for filing the notice are, therefore, doomed to have their independent actions dismissed. Considering that the notice is virtually meaningless where the court in which the estate is pending and the court in which the independent action is brought are the same, and considering that Section 733.705(3) does not mandate the sanction of dismissal  much less any sanction  for the failure to file timely this notice, I cannot conceive that the draconian sanction of dismissal  the result approved by the First (and, I hope, only) District in Golden v. Atlantic National Bank of Jacksonville, 481 So.2d 16 (Fla. 1st DCA 1985)  is ever appropriate where the prescribed act is perfunctory and the failure to do it paradigmatically non-prejudicial to anyone or the administration of justice.
NOTES
[1] In this connection, we have grave reservations as to the correctness of the First District's conclusion to the contrary in Golden v. Atlantic Nat. Bank of Jacksonville, 481 So.2d 16, 19 (Fla. 1st DCA), pet. for review denied, 492 So.2d 1332 (Fla. 1986).
[1] The appellants' failure to raise this constitutional claim until responding to the court's questioning at oral argument is not an impediment to our addressing the claim. See Trushin v. State, 425 So.2d 1126 (Fla. 1982).
[2] Florida Rule of Probate and Guardianship Procedure 5.065 reads in pertinent part:

"Notice of Civil Action or Ancillary Administration
"(a) Civil action. A personal representative and a guardian shall file a notice when a civil action has been instituted by or against the personal representative or the guardian. The notice shall contain:
"(1) the names of the parties;
"(2) the style of the court and the case number;
"(3) the county and state where the proceeding is pending;
"(4) the date of commencement of the proceeding; and
"(5) a brief statement of the nature of the proceeding.
....
"(c) Copies exhibited. A copy of the initial pleading may be attached to the notice. To the extent an attached initial pleading states the required information, the notice need not restate it."