PER CURIAM.
We find no abuse of discretion by a circuit judge, who is presiding in an estate matter, extending the time to file the notice of institution of an independent action required by Section 733.705(3), Florida Statutes (Supp.1984),[1] particularly when the independent action is commenced timely in the same court, and counsel for the personal representative had actual notice of the action within thirty days of the rejection of the claim and he agreed to accept service of the independent action. See and compare In Re Estate of Sale, 227 So.2d 199 (Fla.1969); In Re Estate of Jeffries, 136 Fla. 410, 181 So. 833 (1938); Williams v. Estate of Williams, 493 So.2d 44 (Fla. 5th DCA 1986); In Re Estate of Oxford, 372 So.2d 1129 (Fla. 2d DCA 1979); Mautner v. Loman, 353 So.2d 632 (Fla. 3d DCA 1978); Turner v. Myers, 332 So.2d 635 (Fla. 3d DCA 1976). Furthermore, the personal representative is required to file a notice when a civil action has been instituted by or against the personal representative in the estate matter. See Rule 5.065(a) Fla. R.P. & G.P.[2] Therefore, the order under review is affirmed.[3]
Affirmed.

. The statute in part reads as follows:
"(3) The claimant is limited to a period of 30 days from the date of service of an objection within which to bring an independent action upon the claim and within which to file written notice of such action in the estate proceeding. For good cause, the court may extend the time for filing an objection to any claim or may extend the time for serving the objection, and may likewise extend the time for filing an action or proceeding, and filing notice of the action or proceeding, after objection is filed ...”

. The rule reads in part as follows:
"(a) Civil action. A personal representative and a guardian shall file a notice when a civil action has been instituted by or against the personal representative or the guardian...."

. This opinion is not to be construed as ruling on the necessity for any such notice when the independent action is pending in the same court, or whether the Legislature had the authority to enact Section 733.705(3), Florida Statutes (Supp.1984) providing for the independent notice. See in this connection Ricciardelli v. Faske, 505 So.2d 487 (Fla. 3d DCA 1987).