GLICKSTEIN, Judge.
This is a consolidation of appeals from two related but separate proceedings. Case No. 4-86-1554 arises out of probate proceedings in the estate of decedent Victor J. Hammer. Case No. 4-86-1584 was a civil action, of appellant Armand Hammer, decedent’s brother, on promissory notes and money lent, against James R. Knott as administrator ad litem of decedent’s estate. There is also a separate appeal before this court, case no. 4-86-1250, by Nancy Eilan, decedent’s daughter, of a court order deny *709 ing her petition to have Armand Hammer and James Nemec removed as decedent’s personal representatives.
The appeals which we consider here are from dismissal with prejudice of Armand Hammer’s independent civil action, for failure to file a notice of the independent action in the probate proceeding — which we reverse — and from the probate court’s order denying appellant’s motion for a nunc pro tunc extension of time within which to file notice of the independent action — which we affirm.
Victor J. Hammer died July 21, 1985, a resident of Palm Beach county. His principal beneficiary is his 84 year old wife, Irene Wicker Hammer, who is physically and mentally disabled and resides at a local institution for elderly patients. Other survivors are a daughter, Nancy D. Eilan, and a son, Armand V. Hammer.
Appellant, Dr. Armand Hammer, filed his claim, based on four unpaid promissory notes and other loans to decedent, in the probate proceeding. The judge appointed James R. Knott as administrator ad litem to act for the estate in matters relating to that claim. Dr. Hammer had petitioned for such an appointment, because Dr. Hammer is also a co-personal representative of the estate, together with James Nemec, a local attorney.
Knott filed an objection to Dr. Hammer’s claim. Dr. Hammer then commenced an independent civil action in the circuit court. Knott, the administrator ad litem, filed a notice of the civil action in the probate proceeding, pursuant to Florida Probate and Guardianship Rule 5.065. Knott then moved to dismiss Dr. Hammer’s complaint in the independent action, on the ground that Dr. Hammer had failed to file a notice of that action in the probate proceeding.
Dr. Hammer filed a motion in the probate court for a nunc pro tunc extension of time within which to file a notice of the independent action. The probate judge heard argument on the motion, and on January 28, 1986 entered an order denying that motion saying no good cause had been alleged or shown for granting the motion. Dr. Hammer moved for rehearing on February 7, 1986. This motion was denied by order of June 4, 1986.
In the meantime, Nancy Eilan had sought and obtained leave to intervene in the independent action on Dr. Hammer’s claim as a creditor, and to file a motion to dismiss on the ground that Dr. Hammer had failed to file a notice of the independent civil action in the probate proceeding.
Both the administrator ad litem’s motion and the intervenor’s motion requested that the court dismiss the complaint; they did not request dismissal of the complaint with prejudice or dismissal of the action. Judge Lupo, a civil division judge, heard both motions on June 27, 1986. Dr. Hammer’s attorney requested leave to amend in the event the motions were granted. By order of the same date, the judge granted the motions to dismiss and dismissed the action with prejudice.
Dr. Hammer noticed his appeal of the probate court order, denying his motion for an extension, on July 3, 1986, and his appeal of Judge Lupo’s order, dismissing his independent civil action, on July 10, 1986. This court has consolidated these appeals on appellant’s motions.
Appellant points out that on the day the administrator ad litem through his resident agent was served with process respecting the independent civil action — December 18, 1985 — appellant’s counsel mailed a copy of the original process to the administrator ad litem, with a cover letter advising that a notice of the independent action required by Florida Probate and Guardianship Rule 5.065(a) had to be filed in the probate proceeding, and that it was up to the administrator ad litem to do it; and requesting that he be advised if the administrator ad litem disagreed. The administrator ad li-tem filed such a notice and served appellant with a copy.
While we believe the probate division did not abuse its discretion in denying the continuance, we conclude the civil division erred in dismissing the complaint and limit our first discussion to the latter.
*710 Appellant’s initial arguments are that only if the basis of the defense appears on the face of the complaint, Florida Rule of Civil Procedure 1.110(d), or if the defense is one of the seven defenses specified in rule 1.140(b), may an affirmative defense be raised by motion. A defense must otherwise be raised in one’s responsive pleading. We agree.
Appellee relies on Golden v. Atlantic National Bank of Jacksonville, 481 So.2d 16 (Fla. 1st DCA 1985). The facts in Golden are somewhat similar to those here. The plaintiff/appellant there was the decedent’s son. When the personal representative, Atlantic National Bank of Jacksonville, objected to Golden’s filed claim in the probate proceeding, Golden filed an independent action. Subsequently the bank moved to dismiss the complaint for Golden’s failure to file the written notice in the probate proceeding required by section 738.705(3), Florida Statutes. Golden then filed a petition for extension of time nunc pro tunc so he could file the required notice. The circuit judge granted the bank’s motion to dismiss and dismissed the cause with prejudice. Golden filed the petition for extension of time in the circuit court, not the probate court. Golden appealed the dismissal of his independent action and also the denial of his petition for extension of time. The appellate court affirmed.
Appellant Golden’s grounds for extension of time were that the legal library he had used for more than 25 years failed to have an update showing the thirty day limit under section 733.705(3) for notice of the filing of the independent action. The appellate court held that ignorance of the law, hardship on the petitioner and reliance on another’s advice were not “good cause” to authorize an extension of time. It said there needs to be a substantial reason — one that affords a legal excuse or cause, not arbitrary or contrary to all the evidence, moving the court to its conclusion to extend the time for filing.
It is apparent, as appellant says, that there was not directly raised, in Golden, the question of whether one may raise by motion the defense of failure to give the notice required by statute, if the basis for the defense does not appear on the face of the complaint.
Furthermore, at the time the trial court entered its order here, the only appellate decision which seemed close in point was Golden. Since then, the Third District Court of Appeal has rendered two decisions which have raised serious reasons to question the correctness of Golden as authority for the proposition that dismissal would be proper in this case. See Ricciardelli v. Faske, 505 So.2d 487 (Fla. 3d DCA 1987), and Arky v. Harris, 504 So.2d 813 (Fla. 3d DCA 1987).
Appellee next argues from Poincier v. State, Department of Health and Rehabilitative Services, 284 So.2d 463 (Fla. 3d DCA 1973) that the civil court judge, as differentiated from the probate judge, cannot grant the extension of time permitted under section 733.705(3). Appellee contends the result is that the question before the trial court upon appellee’s dismissal motion was one of subject matter jurisdiction — one of the seven defenses which the civil rule states may be raised by motion, and cites much case authority bearing on lack of subject matter jurisdiction. This argument is also shaky.
The appellate court in Golden held that the section 733.705(3) time limitations for filing objections to claims filed in probate proceedings are rules of judicial procedure and do not constitute a nonclaim statute, and that the 1984 amendment merely made the preexisting statutory provision self-executing but did not convert it into a non-claim statute.
In Campbell v. Estate of Schleusener, 504 So.2d 417 (Fla. 4th DCA 1987), this court called attention to the supreme court’s holding in Barnett Bank of Palm Beach County v. Estate of Read, 493 So.2d 447 (Fla.1986), that section 733.702 is a statute of limitations, not a statute of non-claim, and that therefore the non-moving party should be allowed to plead estoppel or fraud or other valid grounds that, if they exist, may excuse an untimely claim.
The above case dealt with section 733.702 and not the section pertinent here, section *711 733.705(3). It seems reasonable, also, to infer that if section 733.702, which sets forth limitations on presentation of claims that arose before decedent’s death, is not a nonclaim statute, then neither is the notice provision also contained in section 733.-705(3).
Aspects of section 733.705 and similar statutes have been denominated rules of procedure rather than substantive law or nonclaim statutes; and the actual language of the statute on which both trial judges here apparently relied is also of great importance. If we look at chapter 84-25, section 1, 1984 Laws of Florida, we see the change in section 733.705(3) wrought thereby:
(3) The claimant shall be limited to 30 days from the date of service of an objection within which to bring an independent action upon the claim and within which to file written notice of such action in the estate proceedings. For good cause, the court may extend the time for filing an objection to any claim or the time for serving the objection, and may likewise extend the time for filing an action or proceeding and notice thereof after objection is filed. The extension of time shall be granted only after notice. No action or proceeding shall be brought against the personal representative after the time limited above, and any such claim shall be forever barred without order of the court. If an objection is filed to the claim of any creditor and an action is brought by the creditor to establish his claim, a judgment establishing the claim shall give it no priority over claims of the same class to which it belongs.
Looking at the section without the underlined parts, which were added by the above-cited section of the 1984 Laws, and then with the added parts, makes clear what the changes did and did not do. Before the 1984 amendments, the statute set forth the procedures to be followed by claimant and personal representative if there was an objection to the claim when made within the probate proceeding. It allotted the claimant 30 days after service of the objection to file an independent claim. It said the objecting party, and the claimant could with proper notice and for good cause obtain an extension of the times limited in the statute. It said that one could not bring an action on one’s claim against the personal representative after the limitation period had run.
What did the amendments do? They inserted (1) a requirement that the claimant filing an independent claim also notice his independent action in writing in the probate proceeding within the same limitations period; (2) a provision that, like the time for serving an objection and for originating an independent action upon a claim, the time for noticing the independent action could be extended on proper notice and for good cause, and (3) a provision making self-executing the bar on bringing an action on a claim after the time limited in the statute has run. NOWHERE DOES IT SAY THAT A CLAIM TIMELY FILED IS BARRED FOR FAILURE TO MEET THE NOTICE REQUIREMENT INSERTED IN THE FIRST SENTENCE BY THE 1984 AMENDMENT.
The legislature obviously desired to require written notice to the probate proceeding, and to make clear that a claim not timely filed was barred without any need for a court to issue an order to that effect. There is no reason to infer that the legislature had any intention to bar, or require the courts to bar, a timely filed independent claim because the new notice requirement had not been met. The 1984 insertions may have made for some awkwardness of expression, but we have no doubt they did not add a bar based on failure to adhere to the new written notice requirement.
It is arguably within the discretion of the trial court to impose some kind of sanction on plaintiff/appellant for not complying with the written notice requirement of the statute, though it seems more likely to be in the province of the probate court, rather than the court hearing the independent claim. It seems entirely too harsh to deprive a creditor of his right to press his claim for overlooking a new notice requirement, when the statute that sets this re *712 quirement does not provide for such a penalty — particularly when both actions are in the same circuit court. As can be seen, we disagree with the affirmance by Golden of the dismissal and suggest
(a) The purpose of the written notice requirement newly called for by the amended statute is to make sure the probate court and interested parties are aware of the independent claim filed in the civil division, and govern their own conduct accordingly. The object of the probate rule-required notice of the personal representative is the same. So long as all concerned are on notice of the independent claim, what is the logic for saying one’s independent claim must be abandoned because the claimant did not serve the notice required of him? Here the claimant is otherwise also a co-personal representative, and the administrator ad litem filed the rule-required notice because of the conflict of interest of appellant.
(b) There is the question of whether a rule, laid down by statute, if it is appropriately determined to be a rule of judicial procedure, and only temporarily adopted by the Florida Supreme Court, is constitutionally unenforceable when the supreme court adopts permanent rules.
(c) Arguably, failure to comply with the notice requirement of the statute, while properly of concern to the probate court, should not be sanctioned by the civil court before whom the independent action is brought.
See, also, In re Estate of Oxford, 372 So.2d 1129 (Fla. 2d DCA 1979), cited in Golden, in which it was stated that time limitations prescribed by the statute governing filing of objections to a claim against an estate and filing of an independent claim, operate only as rules of judicial procedure and not as statutes of nonclaim, and are designed to facilitate estate administration, but should not be applied in such a manner as to deny substantial justice. It can be said that here the trial court treated the notice requirement in the present case as a nonclaim statute, and, by dismissing the complaint with prejudice, denied appellant substantial justice. One ought not to be deprived of the right to claim a debt because of a notice requirement which the statute does not clearly make into the basis for a nonclaim.
GUNTHER, JJ., concurs.
LETTS, J., concurs specially with opinion.