519 So.2d 3 (1987)
Z & O REALTY ASSOCIATES, INC. and Michael P. Octaviano, Appellants,
v.
Phyllis Zipes LAKOW and Iris Zipes Egan, As Co-Personal Representatives of the Estate of Phillip P. Zipes, Deceased, Appellees.
No. 86-2435.
District Court of Appeal of Florida, Third District.
June 23, 1987.
On Motion for Clarification September 1, 1987.
*4 Stanley Caidin, Miami, for appellants.
Kluger & Peretz and Steven Peretz, Miami, for appellees.
Before HENDRY, NESBITT and DANIEL S. PEARSON, JJ.
NESBITT, Judge.
The claimants appeal from an order of the probate court striking their claim against the decedent's estate for failing to file a written notice of their commencement of an independent civil action against the personal representative as required by section 733.705(3), Florida Statutes (1985). They argue that the statute constitutes an unconstitutional incursion into the authority of the Florida supreme court to promulgate rules of practice in the courts of this state. Specifically, they assert that because the supreme court has promulgated Florida Rule of Probate and Guardianship Procedure 5.065(a), which requires substantially the same information to be provided by the personal representative, there is a clear impingement. We agree that the statute is constitutionally infirm and we reverse the order under review.
Florida Rule of Probate and Guardianship Procedure 5.065(a) provides:
Notice of Civil Action or Ancillary Administration
(a) Civil action. A personal representative and a guardian shall file a notice when a civil action has been instituted by or against the personal representative or the guardian. The notice shall contain:
(1) the names of the parties;
(2) the style of the court and the case number;
(3) the county and state where the proceeding is pending;
(4) the date of commencement of the proceeding; and
(5) a brief statement of the nature of the proceeding.
The relevant portion of section 733.705(3), Florida Statutes (1985) reads:
The claimant is limited to a period of 30 days from the date of service of an objection within which to bring an independent action upon the claim and within which to file written notice of such action in the estate proceeding.
The manifest purpose of both the statute and the rule is to afford information to *5 creditors and beneficiaries of a decedent's and a ward's estate that an independent action has been commenced against the personal representative or guardian of the estate. This information serves to advise creditors and beneficiaries of possible delays in receiving partial or final distribution or a diminution thereof. Thus, the required act, which is heretofore unknown to Florida practice, is entirely informational and advisory in nature.
The power to promulgate rules of practice and procedure in Florida courts is vested exclusively in the supreme court. Art. V, § 2(a), Fla. Const.; Markert v. Johnston, 367 So.2d 1003 (Fla. 1978); see Ricciardelli v. Faske, 505 So.2d 487, 488 (Fla. 3d DCA 1987) (Pearson, J., specially concurring). Where the same matter is ostensibly controlled by the court rule and a statute, the rule prevails in matters procedural. State v. L.H., 392 So.2d 294 (Fla. 2d DCA 1980), aff'd, 408 So.2d 1039 (Fla. 1982); Chappell v. Florida Dep't of Health & Rehabilitative Servs., 391 So.2d 358 (Fla. 5th DCA 1980); Hauser v. Dr. Chatelier's Plant Food Co., 350 So.2d 548 (Fla. 2d DCA 1977). Consequently, because the filing of an informational notice is primarily procedural, we find that the statute, section 733.705(3), amounted to an unconstitutional incursion into the exclusive rule-making power of the supreme court. The statute must, therefore, yield to Florida Rule of Probate and Guardianship Procedure 5.065(a).
Since the supreme court adopted the procedural aspects of chapters 731-735, Florida Statutes, to serve as temporary rules of procedure, after the legislature enacted the statute, see Florida Bar re Emergency Amendments to Florida Rules of Probate and Guardianship Procedure, 460 So.2d 906 (Fla. 1984), we are presented with the problem of whether the adopted chapters override the Florida Rules of Probate and Guardianship Procedure where conflict exists. We do not view the supreme court's temporary adoption of the particular statutes as finally settling the matter. We disagree with appellee that the supreme court intended that the procedural aspects of those chapters were to override the Florida Rules of Probate and Guardianship Procedure. Instead we interpret the supreme court's opinion as temporarily supplementing the rules with those procedural aspects of the statutes not addressed by the rules. Accordingly, since the rules specifically address the notice requirement and mandate that the personal representative must provide notice of civil suit, the informational notice required by section 733.705, Florida Statutes (1985), as adopted by the supreme court, was superseded.
This is particularly true in a case where there is no plausible need for both the claimant and the personal representative to furnish the same informational notice to the creditors and beneficiaries of a decedent's or ward's estate. This is even more evident when the claimant's alleged failure to provide the information causes it to forfeit its position as a creditor of the estate. We do not believe the supreme court intended such a redundant, much less, odious result. See Ricciardelli, 505 So.2d at 487.
For the foregoing reasons, we hold that section 733.705(3), Florida Statutes *6 (1985), is unconstitutional and reverse the trial court's order striking the creditors' claims against the decedent's estate. This cause is reversed and remanded for further proceedings.[1]

ON MOTION FOR CLARIFICATION
PER CURIAM.
On motion for clarification appellees argue that our opinion is ambiguous as to the continuing viability of those portions of section 733.705(3), Florida Statutes (1985), not specifically addressed by the opinion. In the interest of absolute clarity we amend the final paragraph of the opinion to read as follows.
For the foregoing reasons, we hold that section 733.705(3), Florida Statutes (1985), is unconstitutional as it impinges upon the supreme court's exclusive rule-making power, and that section 733.705(3), as adopted by the supreme court, is superseded to the extent that it is inconsistent with Florida Rule of Probate and Guardianship Procedure 5.065(a).[1] We reverse the trial court's order striking the creditors' claims against the decedent's estate. This cause is remanded for further proceedings.[2]
NOTES
[1] We acknowledge that this result conflicts with the result reached by our sister court in Golden v. Atlantic Nat'l Bank, 481 So.2d 16 (Fla. 1st DCA 1985), review denied, 492 So.2d 1332 (Fla. 1986).
[1] Our opinion has no effect on those aspects of section 733.705(3), Florida Statutes (1985), which have been adopted by the supreme court and are not in conflict with Florida Rule of Probate and Guardianship Procedure 5.065(a).
[2] We acknowledge that this result conflicts with the result reached by our sister court in Golden v. Atlantic Nat'l Bank, 481 So.2d 16 (Fla. 1st DCA 1985), review denied, 492 So.2d 1332 (Fla. 1986).