537 So.2d 1370 (1989)
James Michael WATSON, Personal Representative of the Estate of Michael Corso, Deceased, Petitioner,
v.
FIRST FLORIDA LEASING, INC., Respondent.
No. 71717.
Supreme Court of Florida.
January 5, 1989.
Karen A. Gievers and Ervin A. Gonzalez of Gievers & Gonzalez, P.A., Miami, for petitioner.
Lenard H. Gorman of Lenard H. Gorman, P.A., Miami, for respondent.
McDONALD, Justice.
We review First Florida Leasing, Inc. v. Watson, 516 So.2d 1062 (Fla. 3d DCA 1987), in which the court held a notice provision of section 733.705(3), Florida Statutes (1985), unconstitutional. We have jurisdiction. Art. V, § 3(b)(1), Fla. Const. We approve the result reached by the district court.
Watson objected to a claim filed by First Florida Leasing against the estate of Michael Corso. First Florida then filed a timely independent action against the estate but failed to file the notice of independent action with the probate division as called for by section 733.705(3). First Florida subsequently filed a motion for extension of time, but the probate court denied the motion and granted Watson's motion to strike the claim. On appeal the district court reversed, relying on Z & O Realty Associates, Inc. v. Lakow, 519 So.2d 3 (Fla. *1371 3d DCA 1987), where it found that the portion of the statute dealing with notice of an independent claim conflicted with the requirement in Florida Rule of Probate and Guardianship Procedure 5.065 that such notice be filed by the personal representative. Because the notice requirement was primarily procedural, the district court held the statute to be an unconstitutional incursion into this Court's exclusive rule-making authority. Here, as it did in Z & O Realty, the district court acknowledged conflict with the result reached in Golden v. Atlantic National Bank of Jacksonville, 481 So.2d 16 (Fla. 1st DCA 1985), review denied, 492 So.2d 1332 (Fla. 1986).
Clearly the portion of section 733.705(3) which requires a claimant to file written notice of an action in the estate proceeding is procedural and trespasses upon this Court's rule-making authority. It is therefore unconstitutional. The fact remains, however, that this Court adopted all procedural aspects of chapter 733, Florida Statutes, as temporary rules of the Court. The Florida Bar re Emergency Amendments to Florida Rules of Probate & Guardianship Procedure, 460 So.2d 906 (Fla. 1984). This action followed a petition of the Florida Bar which noted that the recently enacted statutory revisions to the probate law were leading to claims that portions of the statute were unconstitutional because they included procedural matters. In short, we took action in Emergency Amendments to Florida Rules of Probate & Guardianship Procedure to avoid the type of claim made here.[*]
In September 1984 we adopted changes to the Florida Rules of Probate and Guardianship which were to become effective January 1, 1985. Among these changes was rule 5.065, which requires personal representatives to notify the probate court of civil actions instituted by or against the personal representative. The Florida Bar Re Amendments to Rules  Probate and Guardianship, 458 So.2d 1079 (Fla. 1984).
It is evident that we failed to note the dual responsibility to report an action against an estate caused by rule 5.065 and section 733.705(3). The former requires notice by the personal representative or a guardian, while the latter requires notice by the claimant. The one does not necessarily negate the other, and we therefore conclude that the temporary rule adopted from the statute was still viable during these proceedings.
First Florida's failure to report these actions in the probate proceeding does not necessarily defeat its claim, however. The penalties for violating rules are the responsibility of the court. Section 733.705(3) requires two things: (1) an action must be filed within thirty days from the objection to a claim, and (2) a notice of the independent action must be filed in the probate file. Certainly the requirement of filing an action within thirty days is of substantially greater significance than the notice requirement. The time limitation is jurisdictional and is somewhat akin to the requirements of timely filing a notice of appeal. Untimely appeals are regularly dismissed, and so should an untimely suit on a probate claim be dismissed. The filing of the notice in the probate proceedings, on the other hand, serves a different purpose, i.e., to give notice to all persons interested in or potentially affected by the suit. It should not be jurisdictional, and, if the claimant can demonstrate that no harm to an interested party resulted by the failure to file the notice, the penalty should not be dismissal. Dismissal of an action is the most *1372 significant penalty possible and is not generally utilized in rule violations when less severe but just penalties exist. These can include an assessment of costs or attorney fees or, perhaps, an abatement of the action until the condition is met. Thus, while we intended that a failure to timely file an action required a dismissal, we had no such intent for the failure to file a notice of the independent action in the probate file.
Here, Watson is in no position to complain because he had actual notice of the action and the same duty to report it as did the claimant. In this case it appears that the failure to file the notice occasioned no harm. First Florida timely filed its claim. It should be able to pursue that claim despite its failure to file notice of its suit in the probate proceeding unless prejudice exists.
We approve the result reached by the district court and disapprove Golden to the extent of conflict with this opinion. The district court is directed to remand this case to the trial court for further proceedings consistent with the instant decision.
It is so ordered.
EHRLICH, C.J., and KOGAN, J., concur.
SHAW, J., concurs in result only.
GRIMES, J., concurs in part and dissents in part with an opinion, in which OVERTON and BARKETT, JJ., concur.
GRIMES, Justice, concurring in part and dissenting in part.
Justice McDonald's opinion represents a laudable effort to try to avoid a result which appears to be harsh. I am concerned, however, that this is a "hard case" which will make "bad law."
I agree that the portion of section 733.705(3), Florida Statutes (1985), requiring a claimant to file a written notice of his suit in the estate proceeding is unconstitutional because it is procedural in nature and controlled by this Court's exclusive constitutional authority to promulgate rules of practice and procedure.
I also agree that when we adopted all procedural aspects of chapter 733 as temporary rules of court the notice requirement of section 733.705(3) became a rule of procedure and was not nullified by the adoption of rule 5.065. This is particularly so because rule 5.065 was promulgated before the adoption of the temporary rules.
Since the notice requirement of section 733.705(3) adopted by this Court as a temporary rule of procedure was not negated by the provisions of rule 5.065, I don't see how the failure of the claimant to file the requisite notice in the probate court within thirty days does not defeat its claim. No one suggests that the wording of section 733.705(3) would not bar the claim in this case if the statute were valid. The same wording was adopted by this Court as a temporary rule of procedure, and there is nothing which implies that the penalty for the rule's violation would be any different than if the substance of the rule were a valid statute. To put it another way, if the wording of section 733.705(3) were sufficient to bar the claim as a statute, how can the same wording be construed to the contrary simply because it has now been transferred to a rule? Hence, I reach the inescapable conclusion that the claim is barred.
I cannot accept the assertion that when we adopted the statute as a rule we did not intend that the failure to comply with the rule would result in a dismissal. I daresay that no member of this Court ever considered the question. Our only purpose in adopting the procedural aspects of the probate statutes as temporary rules was to render moot any contention that the legislature was unauthorized to adopt rules of court procedure.
I do concur in the statement that the temporary rules, insofar as they relate to probate matters, have now been superseded by the adoption of the 1988 amendments to the rules.
OVERTON and BARKETT, JJ., concur.
NOTES
[*] We make a further comment regarding our emergency amendments. In our opinion we directed the Probate and Guardianship Rules Committee to study the temporary rules and to incorporate recommendations regarding them into the next quadrennial review of the Probate and Guardianship Rules. The committee accomplished this task with respect to the probate rules when it submitted its petition for amendments in 1988. However, because of its understanding that the legislature proposes a massive revision of the Florida Guardianship Law, the committee did not undertake the same task, except in one instance, with respect to the guardianship rules. We have now approved the proposed 1988 amendments to the Florida Rules of Probate and Guardianship Procedure. Therefore, upon their effective date of January 1, 1989, the temporary rules, insofar as they relate to probate matters, will have no force and effect.