POLEN, Judge.
This appeal was consolidated with the pending appeal styled Peter Hiles and Auto Bahn Sales and Leasing, Inc. v. Auto Bahn Federalization, Inc., a Florida corporation, and the Estate of Joseph A. Uzzo, deceased, et al, case No. 87-1615, by order dated May 12, 1988. However, except to the extent the facts may overlap, Hiles v. Auto Bahn will be treated in a separate opinion.
Appellant Patricia Morris was both personal representative of the estate of Uzzo, and a claimant against the estate. There appears to be no question that Morris timely filed her statement of claim in the probate proceeding. Peter Hiles, as president of Auto Bahn Sales and Leasing, Inc., filed an objection to Morris’ claim, apparently because of a dispute that existed between Hiles and Uzzo, prior to Uzzo’s death. Thereafter, Morris timely filed her independent action on her claim in the circuit court.
The issue was whether Morris complied with section 733.705(3), Florida Statutes (1985), which requires the timely filing of *1218 notice of independent action with the probate court.
Although appellant had filed a motion for extension of time to file an independent action (which in reality was an extension of time to file her notice of independent action), the probate court denied her motion and ruled that her claim was barred. This case appears to be on all fours with the supreme court’s recent decision in Watson v. First Florida Leasing, Inc., 537 So.2d 1370 (Fla.1989). Under the holding in Watson, if the claimant can demonstrate that no harm to an interested party resulted by failure to file the notice, the penalty should not be dismissal. In this case, it appears the failure to file the notice occasioned no harm. Morris timely filed her claim and should be able to pursue it. The order of the probate court denying appellant’s claim should be reversed and her claim reinstated.
Accordingly, we reverse and remand for further proceedings consistent with this opinion.
DOWNEY and DELL, JJ., concur.